NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4745
_____

JOHN J. TAURO,
                              Appellant

v.

MAX BAER; KATHLEEN R. MULLIGAN; JOAN ORIE-MELVIN;
Yet unnamed employees of the Domestic Relations
Section of Family Division, individually

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 08-cv-01545)
District Judge: Honorable Joy Flowers Conti

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 22, 2010

Before:  SCIRICA, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: September 23, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        John J. Tauro, proceeding pro se, appeals from the order of the District Court

granting the defendants' motions to dismiss.  For the following reasons, we will affirm.

I.

In October 2008, Tauro filed a pro se complaint under 42 U.S.C. § 1983 in the District Court alleging that the defendants "acted continuously since 1993, until March 2007" to violate his Fifth and Fourteenth Amendment rights. His claims appear to arise from orders relating to his failure to pay child support. Tauro claimed that Justice Baer[1] appointed the Allegheny County Solicitor as a Title IV-D attorney, in violation of Pennsylvania law and due process. He also alleged that Justice Baer unlawfully "reconsidered and overruled" an order appointing Tauro as primary physical custodian of his child, resulting in a "nullity," and that Justice Baer issued unlawful criminal warrants against him. Tauro claimed that Justice Orie Melvin[2] "affirmed the nullity" issued by Justice Baer, and that Judge Mulligan[3] re-appointed the Allegheny County Solicitor as a Title IV-D attorney. He alleges the unnamed court employees knowingly carried out unlawful court orders.

As a result of the defendants' alleged actions, Tauro claims that he has been

[1]Max Baer was an administrative judge of the Family Division of the Allegheny County Court from 1993 until 2003 when he became a justice of the Supreme Court of Pennsylvania.

[2]Joan Orie Melvin served as a judge on the Allegheny County Court of Common Pleas from 1990 to 1997 when she was elected to the Pennsylvania Superior Court. She is now a justice of the Supreme Court of Pennsylvania.

[3]Kathleen R. Mulligan has served as a judge of the Allegheny County Court of Common Pleas since 1993, and served as the Administrative Judge of the Family Division between April 1999 and April 2002.

wrongfully incarcerated and has had his property seized without due process. His complaint sought injunctive, declaratory, and compensatory relief, as well as punitive damages. The defendants filed motions to dismiss in which they argued that Tauro's claims were barred by the doctrine of judicial immunity and the statute of limitations. The District Court issued a sua sponte order to show cause on the issue of whether the complaint should be dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine. After considering Tauro's response, the District Court granted the motion to dismiss. The District Court determined that it lacked jurisdiction over the complaint due to the Rooker-Feldman doctrine. In addition, the District Court found in a lengthy footnote that, even if it did have subject matter jurisdiction, most or all of Tauro's claims were barred by the statute of limitations and the doctrine of judicial immunity. Tauro filed a timely appeal.

II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's order dismissing a complaint for lack of subject matter jurisdiction. See White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010) (citing CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008)).

III.

The District Court first determined that it lacked jurisdiction over Tauro's complaint under the Rooker-Feldman doctrine, which bars district courts from reviewing

3

certain state court actions. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine will bar a claim in federal court when: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state court judgments." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, __ F.3d __, 2010 WL 3035466, at *6 (3d Cir. Aug. 5, 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

In this case, it is clear that the doctrine's four requirements are met. Tauro lost in state court, he complains that he has been injured by the state court's judgments, and those judgments predate the filing of his federal complaint. In his response to the order to show cause, Tauro argued that he was not seeking to void any state court decisions, but rather was seeking redress for damages and violations caused by the defendants' administrative decisions. However, the District Court properly noted that the complained of administrative actions formed the basis of the state court judgments. The District Court also recognized that his complaint requested that the court review and overturn the state court decisions as "nullit[ies]," and correctly concluded that this would have the effect of voiding the state court judgments. Accordingly, we agree with the District Court

4

that it lacked jurisdiction to review Tauro's claims.[4]

IV.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[4]In a lengthy footnote, the District Court also determined that all of Tauro's claims were time barred, and that most, if not all, of his claims were barred by the doctrine of judicial immunity. We agree with the District Court's analyses and conclusions.