CLD-246                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2476
_____

ASSEM A. ABULKHAIR,
Appellant

v.

*PRESIDENT OF THE UNITED STATES OF AMERICA, in his official capacity;
GEORGE W. BUSH, President of the United States, individually; *ATTORNEY
GENERAL UNITED STATES OF AMERICA, in his official capacity; MICHAEL
MUKASEY, individually; *SECRETARY UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, in his official capacity; MICHAEL CHERTOFF,
Individually; US CITIZENSHIP AND IMMIGRATION SERVICES; JOHN
THOMPSON, individually and in his capacity as District Director, Newark Office, U.S.
Citizenship & Immigration Services; EMILIO T. GONZALEZ, individually and in his
capacity as Director U.S. Citizenship & Immigration Services; ROBERT S. MUELLER,
III, individually and in his capacity as Director, Federal Bureau of Investigation;
MICHAEL HAYDEN, Individually and in his capacity as Director, Central Intelligence
Agency; THE UNITED STATES OF AMERICA

*(Substituted pursuant to Fed. R. App. P. 43(c)(1))
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-11-cv-06616)
District Judge: Honorable Jose L. Linares
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 2, 2012
Before: RENDELL, HARDIMAN and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 30, 2012)

OPINION

PER CURIAM

Assem A. Abulkhair, proceeding pro se and in forma pauperis, appeals from the District Court's dismissal of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons that follow, we will summarily affirm.

I.

Abulkhair alleged that numerous United States government officials "maliciously delayed and denied his citizenship" because of his Muslim faith. (Dkt. No. 1, Count II ¶ 1.) He claimed that the ten-year delay in processing his application for naturalization stemmed from Defendants' alleged policy of discrimination against Muslims. Abulkhair's application was eventually granted. (Id. ¶ 32.)

Abulkhair asserted claims under the Federal Tort Claims Act ("FTCA"), the Administrative Procedure Act ("APA"), and the First and Fifth Amendments. After granting Abulkhair permission to proceed in forma pauperis, the District Court dismissed his complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Abulkhair was given leave to amend his complaint within thirty days of the District Court's May 14, 2012 order.[1] Rather than amending his complaint, Abulkhair filed a notice of appeal on May 18, 2012.

II.

Normally, an order that "dismisses a complaint without prejudice is neither final nor appealable" under 28 U.S.C. § 1291. Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). Such an order becomes final and appealable, though, if the plaintiff "declares his intention to stand on his complaint" instead of amending it. Id. at 952.

There is no "clear rule for determining when a party has elected to stand on his or her complaint." Hagan v. Rogers, 570 F.3d 146, 151 (3d Cir. 2009). However, when the District Court has provided a set amount of time within which to amend, and the plaintiff fails to do so, we may conclude that the plaintiff elected to stand on his complaint. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992); see also Hagan, 570 F.3d at 151 (concluding that plaintiffs stood on their complaints because they filed notices of appeal rather than amending within specified time period); Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (same).

Instead of amending his complaint, Abulkhair filed a notice of appeal within the thirty-day window provided by the District Court. Therefore, Abulkhair elected to stand on his complaint, and the order of the District Court is final and appealable. We have jurisdiction over Abulkhair's appeal.

Having determined that jurisdiction is proper, we may summarily affirm the decision of the District Court if no substantial question is presented on appeal. 3d Cir. LAR 27.4 and I.O.P. 10.6.

---

[1] Abulkhair's APA claim was dismissed with prejudice.

A well-pleaded complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not suffice. Id. (citing Twombly, 550 U.S. at 555). The plausibility standard requires "more than a sheer possibility" that a defendant is liable for the alleged misconduct. Id. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

The District Court liberally construed Abulkhair's complaint as asserting several causes of action and it dismissed all of them for failure to state a claim. Mindful of the standards set forth in Iqbal, we will address each of them in turn.

### 1.     Federal Tort Claims Act

Abulkhair claimed that Defendants maintained a policy of discrimination against Muslims and that, pursuant to the FTCA, they were liable for monetary damages for any alleged acts of discrimination perpetrated under that policy. (Dkt. No. 1, Count III ¶ 2.)

The FTCA "operates as a limited waiver" of the sovereign immunity of the United States and should be "strictly construed." White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010) (citations omitted). A plaintiff must exhaust all administrative remedies before bringing a claim under the FTCA. Id. at 457 (quoting 28 U.S.C. § 2675(a)). This requirement "is jurisdictional and cannot be waived." Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003) (citation omitted).

4

Abulkhair filed claims directly with United States Citizenship and Immigration Services ("USCIS") and the Office of Chief Counsel ("OCG"). (Dkt. No. 1, Count I ¶ 6.) Those agencies did not render a decision on his claims. (Id.) Because Abulkhair did not receive final denials from USCIS and the OCG, he failed to exhaust his administrative remedies prior to bringing his claims under the FTCA. See Pinho v. Gonzales, 432 F.3d 193, 200 (3d Cir. 2005) ("Finality requires exhaustion of administrative remedies."); see also Roma, 344 F.3d at 362 (claim must be finally denied prior to filing suit). That alone supports the District Court's dismissal of those claims.[2]

## 2. First Amendment Religious Discrimination Claim

Abulkhair alleged that Defendants adopted and implemented a policy of discriminating against Muslims, thereby violating his First Amendment rights. The District Court construed this as a cause of action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971). Vicarious liability does not apply to Bivens suits, so a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.

Abulkhair did not plead sufficient facts to support his claim that Defendants violated his constitutional rights under the First Amendment. Though he detailed many administrative delays and snafus, there were no facts supporting a claim that any

---

[2] The District Court also considered whether the FTCA claim would be time-barred. (Dkt. No. 2, p. 7-8.) Because we will summarily affirm the dismissal of the FTCA claim for failure to exhaust administrative remedies, we need not address that alternative basis for dismissal.

individual Defendant intentionally delayed the processing of his application as part of a policy of religious discrimination against Muslims. For example, Abulkhair stated that "[t]he heinous … acts … committed by … Defendants represent clear demonstration … of the worst Discrimination Act against all Moslem Applicants," yet provided no factual support for his statements. (Dkt. No. 1, Count II ¶ 30.) We need not accept this type of conclusory statement as true. Iqbal, 556 U.S. at 678-79. Abulkhair must have pleaded that each Defendant had personal involvement in the alleged religious discrimination. See id. at 676 ("Where the claim is invidious discrimination in contravention of the First … Amendment[], … the plaintiff must plead … that the defendant acted with discriminatory purpose."). He failed to do so. The District Court properly dismissed Abulkhair's First Amendment claim.

### 3. Administrative Procedure Act Claim

Abulkhair also alleged that Defendants violated the APA by intentionally delaying his application for naturalization. The APA provides relief where a government agency unlawfully withholds or unreasonably delays an action. 5 U.S.C. § 706(1). However, the only relief available is declaratory or injunctive. For example, the APA authorizes a court to compel the agency to take action on an individual's application. 5 U.S.C. § 551(11)(C). A court has jurisdiction to review an agency's action under the APA only if the agency action is final, adversely affects the party seeking review, and is non-discretionary. Pinho, 432 F.3d at 200.

In this case, the only available remedy under the APA would have been ordering USCIS to take action on Abulkhair's application. Since the application was already

6

granted, the APA claim was moot.[3]  See Palamarachouk v. Chertoff, 568 F. Supp. 2d 460, 466 (D. Del. 2008) (APA claim moot when agency action completed after complaint was filed).

### 4.     Fifth Amendment Equal Protection Claim

Abulkhair claimed that Defendants intentionally delayed his application because he is a Muslim, thereby violating his right to equal protection under the Fifth Amendment.  Though the Fifth Amendment lacks an Equal Protection Clause, it contains "an equal protection guarantee" through its Due Process Clause and prohibits the United States from wrongfully discriminating between individuals or groups.   Abdul-Akbar v. McKelvie, 239 F.3d 307, 316 (3d Cir. 2001).  Equal protection claims brought under the Fifth Amendment are analyzed in the same manner as those brought under the Fourteenth Amendment.  Id. at 317.  If a statute substantially burdens a "fundamental right" or targets a "suspect class," it must be reviewed under strict scrutiny.  Id. (citation omitted). On the other hand, if a statute does not substantially burden a fundamental right or target a suspect class, it is subject to rational basis review.  Id.

Abulkhair did not allege sufficient facts to state a Fifth Amendment equal protection claim that was plausible on its face.  Iqbal, 556 U.S. at 678.  His complaint contained no factual basis for his assertions that he experienced different treatment than non-Muslim applicants.  However, the complaint included testimony given before

---

[3] The District Court properly dismissed this claim with prejudice because amendment was futile, while dismissing Abulkhair's remaining claims without prejudice and granting him leave to amend.

7

Congress by the Director of USCIS indicating that all applicants were experiencing delays. (Dkt. No. 1, Count II ¶ 2.) Abulkhair's conclusory statements that only Muslims experienced delays was not enough to state a claim under the Fifth Amendment. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

There being no substantial question presented on appeal, we will summarily affirm the District Court's order dismissing Abulkhair's complaint.