CLD-227                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4386
_____

WILLIAM THROWER,
Appellant

v.

UNITED STATES OF AMERICA; BUREAU OF PRISONS;
WARDEN USP MCCREARY; WARDEN USP LEWISBURG;
EMS MEDICAL TEAM; U.S. BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:11-cv-01663)
District Judge: Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 2, 2013
Before: RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: June 3, 2013)
_____

OPINION
_____

PER CURIAM

William Thrower, a federal inmate, appeals from the District Court's orders

partially granting the defendants' motion for summary judgment, granting their motion to

dismiss, and denying his motion for reconsideration. There being no substantial question presented on appeal, we will deny Thrower's motion to summarily vacate and will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

On April 15, 2009, Thrower was transferred from USP McCreary to the Special Management Unit ("SMU") at USP Lewisburg, where he was placed in a cell with another inmate. Two days later, prison staff observed Thrower sitting on the floor of the cell holding his head in his hands. At that time, Thrower's cellmate started screaming for staff to remove Thrower from the cell. Before staff restrained the cellmate, he kicked and kneed Thrower in the head and face. Following the assault, prison medical personnel completed a rapid trauma examination. Both medical personnel and the responding EMS unit unsuccessfully attempted to stabilize Thrower's respiratory rate. Thrower was transported to the local hospital for emergency surgery and remained there for several weeks to recover.

In July 2011, Thrower filed his complaint pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).[1] The District Court subsequently granted

---

[1] Thrower initially filed his complaint in the United States District Court for the Western District of Missouri, which transferred the action to the District Court. Shortly after transfer, the District Court severed Thrower's claims involving individuals and events at USP McCreary and transferred them to the United States District Court for the Eastern District of Kentucky.

the defendants' motion for summary judgment with respect to Thrower's <u>Bivens</u> claim and his FTCA negligent medical care claim and granted their motion to dismiss as to Thrower's FTCA negligent failure to protect claim. Thrower then filed a motion for reconsideration, which the District Court denied. This appeal followed.

## II.

We have jurisdiction over the District Court's orders. 28 U.S.C. § 1291. We exercise plenary review over the District Court's partial grant of summary judgment and dismissal of Thrower's FTCA negligent failure to protect claim. <u>See</u> <u>Giles v. Kearney</u>, 571 F.3d 318, 322 (3d Cir. 2009); <u>Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). Summary judgment is appropriate only when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review the denial of a motion for reconsideration for abuse of discretion. <u>See</u> <u>Lazaridis v. Wehmer</u>, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

## III.

In his <u>Bivens</u> action, Thrower alleges that officials at USP Lewisburg failed to protect him by placing him in a cell with a dangerous cellmate. The Prison Litigation

Reform Act ("PLRA") prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement applies to federal prisoners, like Thrower, seeking relief through a Bivens action. See Nyhuis v. Reno, 204 F.3d 65, 69 (3d Cir. 2000).

The District Court properly dismissed Thrower's Bivens claim for failure to exhaust. The summary judgment record reflects that none of Thrower's administrative grievances have alleged that staff failed to protect him by placing him with a dangerous cellmate.[2] While administrative remedies might be rendered unavailable when "prison officials prevent a prisoner from 'utiliz[ing]'" them, Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001), nothing in the record suggests that officials did that here. Furthermore, Thrower's assertion that he has now exhausted his remedies is irrelevant, as exhaustion must be completed before suit is filed. See Ahmed v. Dragovich, 297 F.3d 201, 209 & n.9 (3d Cir. 2002).

The complaint also alleged two claims under the FTCA, one for negligent failure to protect and one for negligent medical care. Thrower filed two Administrative Tort Claims regarding the assault by his cellmate and prison officials' failure to protect him from the incident. The response Thrower received explicitly states that he did not present

---

[2] The Bureau of Prisons' three-step administrative remedy program requires inmates to initiate a grievance by completing a BP-9 form and submitting it to the staff member designated to receive such grievances. See 28 C.F.R. § 542.14(a), (c)(4).

any claims regarding the medical care he received after the assault, and Thrower did not submit any evidence to refute this. Accordingly, the District Court properly granted summary judgment on his negligent medical care claim, as the FTCA requires that a plaintiff present a claim to the appropriate federal agency and receive a written denial from the agency.[3] 28 U.S.C. § 2675(a); see also White-Squire v. U.S. Postal Serv., 592 F.3d 453, 457 (3d Cir. 2010).

The District Court granted the defendants' motion to dismiss Thrower's FTCA claim that officials were negligent in failing to protect him from the assault, determining that it was barred by the discretionary function exception to the FTCA's waiver of sovereign immunity.[4] We agree. While the BOP's conduct at issue is governed by a federal statute requiring the BOP to provide for the "protection" and "safekeeping" of inmates, see 18 U.S.C. § 4042(a)(2), the statute leaves the implementation of these duties to BOP officials' discretion. See Mitchell v. United States, 225 F.3d 361, 363 (3d Cir. 2000); Cohen v. United States, 151 F.3d 1338, 1342 (11th Cir. 1998) (explaining that

---

[3] The record contains two Standard Form 95s that Thrower submitted to the BOP, as well as the BOP's regional counsel's responses denying his claims. Accordingly, he exhausted his FTCA claim that officials negligently failed to protect him. See 28 C.F.R. §§ 14.2(a), 14.9(a). Additionally, Thrower exhausted his FTCA failure to protect claim but did not exhaust his similar Bivens claim because exhaustion for Bivens purposes requires completion of the BOP's Administrative Remedy Program. Inmates wishing to initiate this process must first attempt to resolve an issue informally and then submit a completed BP-9 form to the staff member designated to receive such grievances. See 28 C.F.R. §§ 542.13(a), 542.14(a), (c)(4). As noted above in the text, none of Thrower's administrative grievances have alleged that staff failed to protect him.

"even if § 4042 imposes on the BOP a general duty of care to safeguard prisoners, the BOP retains sufficient discretion in the means it may use to fulfill that duty to trigger the discretionary function exception").

Furthermore, a judgment as to the best way to protect prisoners from attack by others "is of the kind that the discretionary function exception was designed to shield." Mitchell, 225 F.3d at 363; see also Whitley v. Albers, 475 U.S. 312, 321-22 (1986) (prison officials have discretionary power over the safety of the institutions they operate). Indeed, courts have regularly held that federal prisoners' FTCA claims for injuries caused by fellow inmates are barred by the discretionary function exception. See Cohen, 151 F.3d at 1340-45; Calderon v. United States, 123 F.3d 947, 950-51 (7th Cir. 1997). Accordingly, the District Court properly dismissed Thrower's FTCA claim alleging negligence in failing to protect him.

Finally, the District Court did not abuse its discretion in denying Thrower's motion for reconsideration, as it did not identify any of the grounds required for reconsideration. Lazaridis, 591 F.3d at 669.

---

[4] We exercise plenary review over the District Court's application of the discretionary function exception. See Mitchell v. United States, 225 F.3d 361, 362 (3d Cir. 2000).

IV.

For the foregoing reasons, we deny Thrower's motion to summarily vacate and will summarily affirm the District Court's judgment.  Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R 27.4; I.O.P. 10.6.