**Monica WHITE–SQUIRE; John Squire, Appellants**

v.

**UNITED STATES POSTAL SERVICE.**

No. 09–1577.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) Jan. 15, 2010.

Filed: Jan. 27, 2010.

John G. Mennie, Richard Schibell, Schibell Mennie & Kentos, Ocean, NJ, for Appellants.

Mark C. Orlowski, Office of United States Attorney, Trenton, NJ, for Appellee.

Before: SCIRICA, Chief Judge, BARRY, and SMITH, Circuit Judges.

## OPINION

SMITH, Circuit Judge.

This appeal requires us to determine whether a claimant under the Federal Tort Claims Act, whose damages continue to accrue, must nevertheless submit a claim to the appropriate agency containing a "sum certain" for damages prior to filing suit. Because the sum certain requirement is jurisdictional, we answer this question in the affirmative.

## I.

On July 17, 2006, a United States Postal Service ("USPS") vehicle driven by a USPS employee acting within the scope of his employment allegedly collided with a car driven by Plaintiff Monica White–Squire, causing her serious personal injury. On August 15, 2006, White–Squire's attorney sent a letter to the USPS purporting to provide formal notice that White–Squire was pursuing a personal injury claim against it.[1] This letter did not include a sum certain claim for damages.

The USPS responded by letter on August 18, 2006, and provided White–Squire's attorney with two copies of the Standard Form 95 claim form. The August 18 letter outlined the administrative presentment requirements under the Federal Tort Claims Act ("FTCA"), including the requirement, written in bold typeface, that

"[a] claim must be for a specific amount." The USPS sent White–Squire's attorney a second letter, dated August 22, 2006, explaining that White–Squire's August 15 letter "does not constitute a valid claim." The August 22 letter also directed White–Squire to the statutes and regulations governing the procedures for submitting a claim under the FTCA. The USPS again informed White–Squire that to satisfy the administrative presentment requirements, a claim must be accompanied by "a 'sum certain' amount for injuries or losses alleged to have occurred by reason of the incident."

In a letter to the USPS dated October 6, 2006, White–Squire's attorney acknowledged receipt of the August 22, 2006, letter. He also advised the USPS that he would be submitting White–Squire's medical records and a " 'sum certain' demand to resolve the claim" once White–Squire was discharged from her doctors' care. White–Squire never submitted a completed Standard Form 95, supporting medical records, or a sum certain demand for damages to the USPS.

On July 14, 2008, White–Squire filed this action in the United States District Court for the District of New Jersey against the USPS seeking damages for personal injury arising from the collision. Pursuant to Federal Rule of Civil Procedure 12(b)(1), the USPS moved to dismiss the action for lack of subject matter jurisdiction because White–Squire failed to provide the USPS with a sum certain request for damages as required by the FTCA. 28 U.S.C. § 2675(a), (b); 28 C.F.R. § 14.2(a). The District Court granted the USPS's motion and dismissed the case, concluding that White–Squire's failure to submit a sum

---

1. The letter stated that it was to serve as "formal notice under the Tort Claims Act pursuant to *N.J.S.A.* 59:8–4." It did not reference the Federal Tort Claims Act. The Complaint later filed to institute this action referenced only the Federal Tort Claims Act and not New Jersey law.

certain claim deprived it of subject matter jurisdiction. White–Squire timely filed this appeal.[2]

## II.

White–Squire sought to invoke the District Court's subject matter jurisdiction under 28 U.S.C. § 1346(b). For reasons that we will explain *infra*, the District Court was correct in concluding that it lacked subject matter jurisdiction over White–Squire's claim; however, "it is familiar law that a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002) (citation omitted). Appellate jurisdiction is proper under 28 U.S.C. § 1291. When reviewing an order dismissing a claim for lack of subject matter jurisdiction, we exercise plenary review over legal conclusions and review findings of fact for clear error. *CNA v. United States*, 535 F.3d 132, 139 (3d Cir.2008) (citations omitted).

## III.

The District Court concluded that it lacked jurisdiction over White–Squire's claim because she failed to provide the USPS with a sum certain claim for damages prior to filing suit. White–Squire argues that she was not required to submit a sum certain request because her medical treatment arising from the collision was ongoing, and thus her damages could not be liquidated.

As a sovereign, the United States is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)). Its consent to be sued must be "unequivocally expressed," and the terms of such consent define the court's subject matter jurisdiction. *Id.* (quotations omitted). The FTCA operates as a limited waiver of the United States's sovereign immunity. *See Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003). "Because the Federal Tort Claims Act constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed." *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir.1989). "[W]e should not take it upon ourselves to extend the waiver beyond that which Congress intended." *United States v. Kubrick*, 444 U.S. 111, 117–18, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).[3]

The FTCA is codified in scattered sections of Title 28 of the United States Code. One section is § 1346, which is contained in chapter 85 of the Federal Judicial Code, pertaining to the jurisdiction of the district courts. Subsection 1346(b)(1) provides:

> Subject to the provisions of chapter 171 of this title, the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for inju-

---

**2.** White–Squire's husband was a party to this case before the District Court, and his claim was also dismissed for lack of subject matter jurisdiction. Although he is listed in the caption as an appellant, he raises no issue in this appeal. Thus, any possible issues regarding the dismissal of his claim are waived. *Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir.1994) (citations omitted).

**3.** The claim must be presented to the appropriate agency within two years after it accrues. 28 U.S.C. § 2401(b); *see also Kubrick*, 444 U.S. at 117–18, 100 S.Ct. 352 (noting that the two year statute of limitations "is a condition of th[e] waiver" of "sovereign immunity").

ry or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Chapter 171 of Title 28 pertains to the tort claims procedure for FTCA claims. 28 U.S.C. §§ 2671–2680. Section 2675 mandates that an FTCA action "shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency...." 28 U.S.C. § 2675(a). Subsection (b) further specifies that an FTCA action "shall not be instituted for any sum *in excess of the amount of the claim presented* to the federal agency...." *Id.* § 2675(b) (emphasis added). This provision "anticipates that the claim will be for a definite amount." *Adams v. United States,* 615 F.2d 284, 292 n. 17 (5th Cir.1980).[4] Because the requirements of presentation and a demand for a sum certain are among the terms defining the United States's consent to be sued, they are jurisdictional. *Sherwood,* 312 U.S. at 586, 61 S.Ct. 767; *Bialowas v. United States,* 443 F.2d 1047, 1049 (3d Cir.1971) (noting that the requirement to present a claim to the agency "is jurisdictional and cannot be waived") (citation omitted).

Indeed, in *CNA v. United States,* we considered whether jurisdiction over an FTCA claim was lacking if the claimant was unable to demonstrate that a government employee had been acting within the scope of his employment, as § 1346(b)(1) requires. We stated that "[t]o evaluate whether Congress 'clearly stated' that a requirement should 'count as jurisdictional,' we ask whether the requirement appears in or receives mention in the jurisdictional provision of a given statute." 535 F.3d at 142 (internal citation omitted) (citing *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 515–16 & 515 n. 11, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006)). We noted that the scope of employment requirement "appear[ed] in the same sentence as Congress's grant of jurisdiction." *Id.* We reiterated that under § 1346(b)(1), "each clause of that provision represents a limitation on Congress's waiver of sovereign immunity and thus a limitation on federal courts' jurisdiction." *Id.* Because the scope of employment requirement was "tether[ed]" to the grant of jurisdiction, we concluded that the requirement was jurisdictional. *Id.* at 143.

## IV.

■ *CNA* is instructive. Here, although the sum certain requirement is not set forth in the text of § 1346, the sum certain requirement is nevertheless tethered to the grant of jurisdiction because § 1346 specifies at the outset that a district court's jurisdiction over an FTCA claim is "[s]ubject to the provisions of chapter 171." 28 U.S.C. § 1346(b)(1). Chapter 171 contains § 2675, which sets forth the sum certain requirement. *Id.* § 2675(b). Accordingly, to remove any doubt on this point, we hold that the sum

---

4. The Department of Justice has also promulgated the following regulation, specifying the mechanics of presenting a claim:

"[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant ... an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages *in a sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident...."

28 C.F.R. § 14.2(a) (emphasis added).

certain requirement contained in § 2675(b) is jurisdictional. Thus, a claimant's failure to present her FTCA claim to the appropriate agency with a sum certain, as required by § 2675(b), compels the conclusion that a district court lacks subject matter jurisdiction over the claim.

We are mindful of White–Squire's contention that her damages continued to accrue and precluded her from stating a sum certain. However, neither the FTCA nor the regulations promulgated thereunder contain an exception to this sum certain requirement when a claimant's damages continue to accrue through the two years following accrual of a claim. As stated above, sovereign immunity can only be waived by the sovereign, and the "conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957) (citation omitted). Creating an exception to the sum certain requirement would constitute a judicial expansion of the waiver of sovereign immunity embodied in the FTCA, something which only Congress can effectuate. *Kubrick*, 444 U.S. at 117–18, 100 S.Ct. 352.

This is not the first time we have rejected a proposed exception to the FTCA's administrative presentment requirements. In *Bialowas*, 443 F.2d at 1050, we refused to excuse the failure to file an administrative claim because of "exceptional circumstances." We noted that "[t]hough sovereign, the Government considerately provided [the claimant] with convenient and expeditious machinery for settlement of his alleged damages and injuries. Unfortunately for him, he repeatedly disregarded written and oral instructions and eventually became the architect of his own misfortune." *Id.* Moreover, several of our sister courts of appeals have declined to create the very

exception White–Squire urges. For example, in *Suarez v. United States*, 22 F.3d 1064, 1065–66 (11th Cir.1994) (per curiam), the Eleventh Circuit refused to create an exception to the sum certain requirement where the claimant's damages were unliquidated. In *Kokotis v. United States Postal Serv.*, 223 F.3d 275, 279–80 (4th Cir.2000), the Fourth Circuit declined to create an exception to the sum certain requirement because of the claimant's ongoing treatment and uncertainty regarding the extent of her damages. It noted that "courts cannot insert into the FTCA administrative process special provisions that the statute does not contain." *Id.* at 279. The Ninth Circuit followed suit in *Blair v. I.R.S.*, 304 F.3d 861, 868–69 (9th Cir.2002). There, the claimant set forth a sum certain for lost wages, but stated that his medical expenses were still being incurred. The Court concluded that the claimant satisfied the sum certain requirement for his wage loss claim, but held that the district court lacked jurisdiction over the claim for medical expenses as the sum certain requirement had not been met. *Id.* at 866–69. We join our sister circuits in holding that a claimant's ongoing medical treatment does not exempt her from the jurisdictional obligation to present a claim for a sum certain to the appropriate agency as required by 28 U.S.C. §§ 1346(b) and 2675(a) & (b), and 28 C.F.R. § 14.2(a).

## V.

 Requiring parties to submit a sum certain claim before all losses have accrued is unremarkable. Both settlements of claims and damages awards commonly contemplate costs that will accrue in the future. *See, e.g., Camiolo v. State Farm Fire & Cas. Co.*, 334 F.3d 345, 360–62 (3d Cir.2003); *Domeracki v. Humble Oil & Ref. Co.*, 443 F.2d 1245, 1249–50 (3d Cir.

1971) (noting the "elementary rule of damages" that a personal injury plaintiff should be compensated for future losses). "Every limitations period embodies the possibility that a complaint must be filed before the claimant's knowledge is complete. That possibility, however, affords no basis for disregarding the interest of finality embodied in a statute of limitation that a legislative body has chosen to enact." *Kokotis*, 223 F.3d at 279 (citation omitted); *see also Suarez*, 22 F.3d at 1065–66 ("Although Suarez claims that he has not yet reached full mental health since his encounter with the government, this will necessarily be the case in a number of situations where a tortious act occurs. It is quite normal for full recovery, both physical and mental, to require more than the two years allowed for the filing of an administrative claim.").

 Furthermore, we note that White–Squire was not in the predicament she claims she was. She argues that she was unable to present a sum certain claim because a doctor recommended that she undergo additional procedures. To the contrary, this prescription *enabled* her to comply with the sum certain requirement: she could simply have asked the doctor to estimate the cost of the procedures and then have included that estimate on her Standard Form 95. *Cf., Bialowas*, 443 F.2d at 1049–50 (noting claimant failed even to "attach the doctors' reports or medical bills as directed by the instructions on the back of Form 95"). If the actual cost of treatment proved higher than this initial estimate, White–Squire could have amended her claim to account for the disparity by taking advantage of the means provided to do so. *See* 28 C.F.R. § 14.2(c); 28 U.S.C. § 2675(b). A claimant's failure to take advantage of these available procedures cannot justify judicial tinkering with the United States's waiver of its sovereign immunity and the subject matter jurisdiction of the federal courts.

 Finally, requiring all claimants to present a sum certain claim for damages advances Congress's purpose in requiring administrative presentment, which is to encourage the settlement of meritorious claims. *Tucker v. United States Postal Serv.*, 676 F.2d 954, 958 (3d Cir.1982). The Government has "considerately provided [claimants] with convenient and expeditious machinery for settlement of [their] alleged damages and injuries" through the administrative presentment requirements. *Bialowas*, 443 F.2d at 1050. Prompt settlement of claims provides considerable benefits to both the courts and the parties by avoiding costly litigation and compensating the injured party in a timely manner. *Tucker*, 676 F.2d at 958; *see also McNeil v. United States*, 508 U.S. 106, 112, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (noting that Congress's "interest in [the] orderly administration of" the "vast multitude of [FTCA] claims" is "best served by adherence to the straightforward statutory command"). Providing a sum certain claim for damages is central to this policy of requiring presentment of claims to the appropriate federal agency because it enables the agency head to determine whether the claim can legally be settled by the agency and, if so, from where the payment should come. *See* 28 U.S.C. § 2672; *Bialowas*, 443 F.2d at 1050. Moreover, it goes without saying that an agency cannot consider settling a claim if it cannot ascertain the claim's value.

## VI.

White–Squire was aware of the requirement that she present a sum certain claim for damages. In addition to the text of the statute, 28 U.S.C. §§ 1346(b), 2675(b), the regulation, 28 C.F.R. § 14.2(a), and our prior case law confirming the requirement

of submitting a sum certain, *see, e.g., Bialowas,* 443 F.2d at 1049–50, the USPS informed White–Squire's counsel on two separate occasions, the August 18 and August 22 letters, that she was required to submit a sum certain amount for injuries or losses arising from the accident. The USPS directed her to the relevant statutory and regulatory provisions and also sent two Standard Form 95 claim forms with instructions in bold typeface that "[a] claim must be for a specific amount." Nevertheless, White–Squire failed to comply with the administrative presentment requirement. In the absence of a demand for a sum certain jurisdiction is lacking, and the District Court properly dismissed her claim. We will affirm the judgment of the District Court.