BLD-119                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2745
_____

GARLAND MILLER,
                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-11-cv-00720)
District Judge:  Honorable John E. Jones III
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 14, 2013

Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed April 8, 2013)
_____

OPINION
_____

PER CURIAM

    Garland Miller, a former federal prisoner proceeding pro se, appeals from the

District Court's order granting the Defendants' motion to dismiss for lack of subject

matter jurisdiction. There being no substantial question presented on appeal, we will summarily affirm. 3d Cir. LAR 27.4 and I.O.P. 10.6.

I.

Miller arrived at the Allenwood Low Security Correctional Institution ("LSCI-Allenwood") in April 2009. At LSCI-Allenwood, the inmates' cubes contain bunk beds without ladders. To access the upper bunk, it was necessary to use a stool marked "NO STEP." Miller's request for a lower bunk, due to his foot deformity and inability to climb, was denied. On April 17, 2009, Miller was climbing down from his upper bunk when the stool marked "NO STEP" slipped, causing him to hit his left knee first on the stool and then on the angle iron of the lower bunk. He immediately experienced pain and swelling, and eventually had surgery to repair a torn meniscus in his left knee. He claimed that the Bureau of Prisons ("the BOP") would not give him the anti-inflammatory drug Celebrex after his surgery, even though it was prescribed by his physician.

Miller filed a complaint on April 15, 2011, asserting a claim for monetary damages under the Federal Tort Claims Act ("FTCA") against the BOP, two wardens, and the United States of America (collectively, "the Defendants"). (Dkt. No. 1.) The Defendants filed a motion to dismiss for lack of subject matter jurisdiction due to Miller's failure to exhaust his administrative remedies. (Dkt. No. 12.) By order entered June 6,

2

2012, the District Court granted the Defendants' motion. (Dkt. Nos. 38, 39.) Miller timely appealed. (Dkt. No. 41.)

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over an order dismissing a claim for lack of subject matter jurisdiction. White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010) (citations omitted). We may summarily affirm the decision of the District Court if no substantial question is presented on appeal. 3d Cir. LAR 27.4 and I.O.P. 10.6.

Miller claimed that his injuries were a result of the Defendants' negligence and that, pursuant to the FTCA, they were liable for monetary damages. The FTCA "operates as a limited waiver" of the sovereign immunity of the United States and should be "strictly construed." White-Squire, 592 F.3d at 456 (citations omitted). A plaintiff must exhaust all administrative remedies before bringing a claim under the FTCA. Id. at 457 (quoting 28 U.S.C. § 2675(a)). This requirement "is jurisdictional and cannot be waived." Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003) (citation omitted).

Miller filed an Administrative Tort Claim, dated January 4, 2010, raising numerous claims, including the one pertaining to his left knee injury. The BOP notified him that his Administrative Tort Claim was rejected because it involved several incidents, and advised him that each incident needed to be filed separately. (Dkt. No. 1, p. 4.) Miller never resubmitted his claims as advised. (Dkt. No. 8, p. 7.)

3

An action may not be instituted against the United States for damages unless the plaintiff presents his claim to the appropriate federal agency and receives a final denial in writing by the agency. 28 U.S.C. § 2675(a). Because Miller failed to resubmit his claims, he did not receive a final denial from the Bureau of Prisons. He therefore failed to exhaust his administrative remedies prior to bringing his claim under the FTCA. See Pinho v. Gonzales, 432 F.3d 193, 200 (3d Cir. 2005) ("Finality requires exhaustion of administrative remedies."); see also Roma, 344 F.3d at 362 (claim must be finally denied prior to filing suit). The District Court properly granted the Government's motion to dismiss for lack of subject matter jurisdiction.

III.

There being no substantial question presented on appeal, we will summarily affirm the District Court's June 6, 2012 order.