DLD-390                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1897
_____

JOSE NAVARRETE,
                                  Appellant

v.

UNITED STATES OF AMERICA; FEDERAL BUREAU OF PRISONS, Warden;
FEDERAL CORRECTIONS INSTITUTION; LOUISIANA STATE UNIVERSITY;
BARNES AND NOBLE BOOK STORE, Owner, Louisiana State University;
EDUCATION SUPERVISOR


_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-09-cv-03683)
District Judge:  Honorable Jerome B. Simandle
_____


Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 15, 2013
Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: September 3, 2013)

_____

OPINION
_____

PER CURIAM

Jose Navarrete, a federal inmate confined at the Federal Correctional Institution at Fort Dix, New Jersey (FCI-Fort Dix), appeals from an order of the District Court granting defendant's motion for summary judgment. Navarrete also appeals the District Court's denial of his motion for reconsideration. For the reasons that follow, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Navarrete commenced this action against the United States of America, the Federal Bureau of Prisons ("FBOP"), the Warden of FCI-Fort Dix, the Education Supervisor at FCI-Fort Dix, the President of Louisiana State University ("LSU"), and the owner of the Barnes & Noble Book Store at LSU.[1] He alleged that, while incarcerated, he enrolled in a correspondence course at LSU, but that the mailroom at FCI-Fort Dix improperly refused delivery of his course textbooks. As a result, he was unable to complete the course. In his complaint, Navarrete asserted that defendants violated his rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments, and unspecified state laws.

The District Court dismissed sua sponte for failure to state a claim, all of Navarrete's claims except his First and Fifth Amendment claims against the Warden of

---

[1] Although Navarrete sought relief under 42 U.S.C. § 1983, the District Court construed his suit as an action under Bivens v. Six Unknown Named Agents of the FBI, 403 U.S. 388 (1971), not § 1983, because it involved federal (and alleged federal) actors rather than state actors. See Bivens, 403 U.S. at 389 (recognizing a private cause of action to recover damages against federal actors for constitutional violations).

FCI-Fort Dix.  Following discovery, the District Court granted the Warden's motion for summary judgment on Navarrete's remaining claims.  Navarrete filed a motion for reconsideration, which the District Court denied.  This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of the District Court's dismissal for failure to state a claim, as well as its grant of summary judgment, is plenary.  Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011).

We determine that the District Court properly dismissed any Bivens claims against the United States, FBOP, and FCI–Fort Dix.[2]  See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001) (holding that Bivens claims may only be brought against individual federal officers, not the United States or its agencies).[3]  Navarrete's constitutional claims against LSU and the Barnes and Noble bookstore, both private entities, were also properly dismissed.  Corr. Servs. Corp., 534 U.S. at 71.  Moreover, as the District Court noted, Barnes and Noble issued Navarrete a refund after the store received the returned books.  We also agree, for the reasons given by the District Court,

---

[2] We construe Navarrete's notice of appeal as also challenging the District Court's earlier order dismissing some of his claims.

[3] To the extent that the complaint could be construed as attempting to assert a claim under the Federal Tort Claims Act ("FTCA"), we agree with the District Court that it did not have subject matter jurisdiction under the FTCA.  A claim may not be brought pursuant to the FTCA unless the plaintiff has first exhausted his administrative remedies.  See White-Squire v. U.S. Postal Serv., 592 F.3d 453, 457 (3d Cir. 2010) (quoting 28 U.S.C. § 2675(a)).  This requirement "is jurisdictional and cannot be waived."  Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003) (citation omitted).  Navarrete does not claim to have availed himself of, let alone exhausted, available administrative remedies.

that Navarrete failed to allege any facts demonstrating the denial of any rights under the Fourth, Eighth, or Fourteenth Amendments.

We further conclude that the District Court properly granted the Warden of FCI-Dix's motion for summary judgment on Navarrete's First and Fifth Amendment claims. Even assuming that the return of Navarrete's course textbooks violated his First and Fifth Amendment rights, he did not set forth any evidence upon which a jury could conclude that the Warden had any personal involvement in that decision, and a Bivens claim cannot be premised upon a theory of respondeat superior. See Ashcroft v. Iqbal, 556 U.S. 662, 675-77 (2009); Argueta v. U.S. Immigration & Customs Enforcement, 643 F.3d 60, 71-72 (3d Cir. 2011).

Finally, the District Court did not abuse its discretion in denying Navarrete's motion for reconsideration, as it did not include any of the grounds required for reconsideration. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (Rule 59 motion "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice").