DLD-097                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3444
_____

EDWARD MAY,
                                          Appellant

v.

MICHAEL CASH, D.O.; STEVEN  BURK, P.A.; JASON KOPERA, R.N.; NORMAN
WEIDLICH; JOHN SHEDLOCK, O.D.; JEANETTE NAGY PHARMACY; ANTHONY
PAZCOQUIN
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-13-cv-00069)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 30, 2015
Before:  FISHER, SHWARTZ and SLOVITER, <u>Circuit Judges</u>

(Opinion filed: February 5, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Edward May appeals from the District Court's entry of judgment[1] against him in a prisoner's rights case alleging violation of May's Eighth Amendment rights while he was incarcerated at the Federal Correctional Institution, Loretto. May sued a non-Bureau of Prisons ("BOP") contract optometrist and BOP medical and other personnel under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), alleging deliberate indifference to his serious medical needs. Because May's appeal fails to present a substantial question, we will summarily affirm the District Court's judgment against him on each of his claims.[2] See 3d Cir. LAR 27.4 & I.O.P. 10.6.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We may affirm a District Court's judgment on any grounds supported by the record. Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001). Because we may affirm on any grounds supported by the record, we need not discuss every reason for dismissing each of May's claims.[3] We

---

[1] The District Court granted "The Federal Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment." We have considered the relevant standard for each claim disposed of by the District Court under Rule 12 and Rule 56.

[2] The non-BOP optometrist, John Shedlock, D.O., was dismissed from the case by separate order on January 23, 2014. May filed a document consenting to the District Court's dismissal of that defendant and waiving any objection to the Magistrate Judge's recommendation of dismissal. The claims against Shedlock are not at issue in this appeal.

[3] The defendants moved for dismissal under Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 56, and the District Court granted dismissal on multiple grounds. We address here only those grounds necessary to affirm the District Court's decision, i.e., May's failure to exhaust his administrative remedies.

exercise de novo review over the District Court's determination that May failed to exhaust administrative remedies. See Small v. Camden Cnty., 728 F.3d 265, 268 (3d Cir. 2013).

The District Court properly determined that it could not consider May's claims because he had failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials until he has exhausted available administrative remedies. 42 U.S.C. § 1997e(a); see also Nyhuis v. Reno, 204 F.3d 65, 69 (3d Cir. 2000) (holding that the PLRA's exhaustion requirement applies to Bivens claims). "[P]roper exhaustion of administrative remedies is necessary" to satisfy the PLRA's exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 84 (2006). An untimely or otherwise procedurally defective administrative grievance or appeal does not satisfy the exhaustion requirement, thereby precluding an action in federal court. See id. at 93; Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004) (holding that the PLRA's exhaustion requirement contains a procedural default component). The Magistrate Judge determined that May had failed to exhaust his administrative remedies on each and every grievance he filed related to his medical care. May objected, referring to the defendants' exhaustion arguments as "diversions to the basis for complaint [sic]" and arguing that administrative filing No. TRT-NER-2012-05256 exhausted the administrative remedies for his claims. That document specifically stated that it was "the description for [May's]

3

claim of physical injury pursuant to the requirements of the Federal Tort Claims Act." ("FTCA").

The FTCA requires that a plaintiff present a claim to the appropriate federal agency and receive a written denial from the agency in order to exhaust administrative remedies on that claim. 28 U.S.C. § 2675(a); see also White–Squire v. U.S. Postal Serv., 592 F.3d 453, 457 (3d Cir. 2010). By contrast, exhaustion of a claim in a Bivens action requires completion of the BOP's Administrative Remedy Program. See Porter v. Nussle, 534 U.S. 516, 532 (2002); Nyhuis v. Reno, 204 F.3d 65, 68, 77 n.12 (3d Cir. 2000); 28 C.F.R. §§ 542.13-542.15. In order to complete exhaustion for such claims, an inmate must first attempt to resolve an issue informally, followed by submission of a form to the staff member designated to receive such grievances, and, finally, an appeal to the Regional Director. See 28 C.F.R. §§ 542.13, 542.14, 542.15. May's submission of an FTCA claim under the procedures for exhausting administrative remedies for such a claim does not fulfill the requirements for proper exhaustion of his administrative remedies for the Bivens claims. The District Court properly determined that May did not complete the process required for exhaustion of his claims.

There being no substantial question presented on appeal,[4] we will summarily affirm the decision of the District Court dismissing May's <u>Bivens</u> action for failure to exhaust administrative remedies.

---

[4] May also filed two documents in this Court requesting that he be permitted to withdraw his appeal and to cease payment of all filing fees. In a Clerk order dated December 16, 2014, this Court informed May that withdrawal of his appeal would not affect the status of his fees and gave him a period of time in which to renew the motion, should he so desire. May did not respond to that order, and we will consider his requests to dismiss his appeal withdrawn.