BLD-039                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2591
_____

STEPHEN RANDALL SMITH,
Appellant

v.

WARDEN MAIORANA; MR. WRIGHT; DR. FARKUS, DMP;
MR. BURKE, PA; MR. RODRIGUIS;
MULTIPLE UNKNOWN NAMED EMPLOYEES OF THE FEDERAL
BUREAU OF PRISONS; UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-13-cv-00070)
Magistrate Judge Honorable Maureen P. Kelly
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
November 5, 2015
Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Filed: November 12, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Stephen R. Smith appeals from the judgment of the United States District Court for the Western District of Pennsylvania in his civil rights case. As the appeal does not present a substantial question, we will grant the Government's motion for summary affirmance and affirm the decision of the District Court.

I.

Stephen R. Smith is a federal prisoner, previously housed in the Federal Correctional Institution in Loretto, Pennsylvania ("FCI Loretto"), and under the control of the Bureau of Prisons ("B.O.P."). Smith filed an amended complaint against Warden Maiorana, Mr. Wright, Doctor Farkas,[1] Steven Burk,[2] Mr. Rodriguez-Miralles,[3] and multiple unknown named employees, bringing his claims under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). He also named the United States of America as a defendant under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. ("FTCA"). He alleged that: (1) the medical staff of FCI Loretto were deliberately indifferent to his medical needs; (2) the prison staff failed to protect him or adequately supervise the prisoners; and (3) he received negligent medical care from the medical staff. He asked only for damages. The Court found that Smith failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act

---

[1] Doctor Farkas is incorrectly named as "Doctor Farkus."
[2] Steven Burk is incorrectly named as "Mr. Burke."
[3] Mr. Rodriguez-Miralles is incorrectly identified as "Mr. Rodriguis."

2

("PLRA") and under the FTCA, and granted summary judgment in favor of the defendants.[4]

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting summary judgment.[5] See Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). A district court may grant summary judgment only when the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When making this analysis, a district court must credit the evidence of the non-moving party, and draw all justifiable inferences in the non-movant's party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A mere "scintilla of evidence in support of the [non-moving party]'s position will be insufficient" to create a genuine issue of fact. Id. at 252. The non-moving party "must show where in the record there exists a genuine dispute over a material fact." See Doe v. Abington Friends Sch., 480 F.3d 252, 256 (3d Cir. 2007).

The District Court correctly entered summary judgment because Smith failed to exhaust his administrative remedies as required by the PLRA and the FTCA. Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all of his administrative remedies. See Booth v. Churner, 532 U.S. 731, 739 (2001); see also Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir.

---

[4] The parties consented to have the case heard by a magistrate judge, pursuant to 28 U.S.C. § 636(c)(1).

[5] We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue. 3d Cir. LAR 27.4; I.O.P. 10.6.

3

2000). Exhaustion is determined by determining answering two questions. First, a court examines whether a prisoner has literally exhausted his administrative remedies, such that no further steps are available within the prison remedy system. See Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004). If a prisoner has not properly exhausted available remedies, a court then examines whether procedural default applies. Id. For procedural default purposes, a prisoner has properly exhausted his claims if he has complied with the prison's regulations that govern inmate grievances, or if prison officials have waived those regulations. Id. at 222. We have excused the failure to exhaust under limited circumstances when it is clear that a prison's grievance procedure is unavailable to the prisoner. See Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002). Generally, this will be due to prison officials thwarting inmate efforts to file grievance procedures. Id. Exhaustion is mandatory even if a prisoner is only seeking monetary damages. See Nyhuis, 204 F.3d at 67.

Smith argues before us that because he seeks only monetary damages, exhaustion is not required. He contends that any usage of the administrative grievance process would have been futile. In the alternative, he argues that he should not be required to have exhausted his remedies, as those remedies were effectively unavailable. Smith's first argument is foreclosed by Nyhuis itself. Id.

Smith also contends that administrative remedies were "effectively unavailable" to him, and that he therefore could not have used the administrative remedies provided by the B.O.P. The only procedure that he utilized was the appeals process in his disciplinary hearing, and Smith admitted that he did not file any administrative grievances to pursue

4

his claims. Smith did not literally exhaust his claims as required by the PLRA, and now his claims are procedurally defaulted. See Spruill, 372 F.3d at 232. As such, the district court properly granted summary judgment on this basis.

Smith has also sued the United States of America. The United States has sovereign immunity from civil liability, except where it has consented to be sued. See United States v. Bormes, 133 S. Ct. 12, 16 (2012). The FTCA is a limited waiver of the United States' sovereign immunity, and prisoners may raise negligence claims against the United States under the FTCA. See United States v. Muniz, 374 U.S. 150, 150-51 (1963). However, a plaintiff must exhaust his administrative appeals before the requisite agency. See White-Squire v. U.S. Postal Serv., 592 F.3d 453, 457 (3d Cir. 2010). The proper agency for Smith to present his FTCA claim to was the B.O.P., and Smith and the defendants agree that he did not file any tort claim before the B.O.P. Accordingly, the district court properly granted summary judgment on this claim as well.

For the reasons stated above, we grant the Government's motion for summary affirmance and will summarily affirm the District Court's decision.