**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1910
_____

CHRISTOPHER M. ELLINGTON,
Appellant

v.

SABLE VANCE; LAWRENCE KIRBY; CONNECTIONS CSP INC. of Delaware;
MINDY BACKUS; UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-20-cv-01100)
District Judge: Honorable Leonard P. Stark
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2022
Before: MCKEE, SHWARTZ, and MATEY, Circuit Judges

(Opinion filed: August 1, 2023)
_____

OPINION*
_____

**PER CURIAM**

I.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Christopher Ellington appeals from the District Court's order dismissing his complaint for lack of subject-matter jurisdiction. For the reasons that follow, we will affirm.

In January 2020, Ellington filed a pro se complaint in the Court of Common Pleas in Kent County, Delaware, against ten defendants, six of which were federal employees at the Department of Veteran Affairs Medical Centers, ("VA"), in Wilmington or Dover ("federal defendants"), and four of which were not federal employees ("non-federal defendants"). In the complaint, Ellington alleged that each defendant negligently provided social services and that one federal defendant (Dr. Patel) negligently provided medical services. Six months later, Ellington moved for default judgment. The state court issued a notice and set a hearing for September 2020.

On August 21, 2020, the federal defendants filed a notice of removal in the District of Delaware, citing the Westfall Act, see 28 U.S.C. § 2679(d)(2), as well as the general removal statute, 28 U.S.C. § 1441(a); see also 28 U.S.C. § 1446(a). Attached to the notice of removal was a certification from the United States Attorney for the District of Delaware stating that the federal defendants were employees of the VA and had acted within the scope of employment at the time of the events related to Ellington's complaint. Shortly thereafter, the United States of America was substituted as defendant in place of the federal defendants under 28 U.S.C. § 2679(d)(1).

On August 28, 2020, Ellington filed a motion to remand the action to state court, which the United States opposed. ECF Nos. 5, 10. The United States then moved to dismiss the claims against it for lack of subject-matter jurisdiction, asserting that

2

Ellington had failed to exhaust his administrative remedies as required under the Federal Tort Claims Act ("FTCA"). In an order entered on March 9, 2021, the District Court denied Ellington's August 28, 2020 motion to remand as to the United States, dismissed the claims against the United States for lack of jurisdiction, and, declining to exercise its supplemental jurisdiction over the negligence claims against the remaining non-federal defendants, remanded the claims against the non-federal defendants to state court. Ellington timely appealed.

II.

We have jurisdiction to consider this appeal under 28 U.S.C. § 1291.[1] On appeal, Ellington challenges the removal proceedings and the denial of his motion to remand the claims against the federal defendants to state court. The District Court's dismissal of Ellington's claims against the United States and the arguments Ellington raised in his brief will be discussed in turn below.

The District Court correctly determined that it lacked subject-matter jurisdiction over the removed matter. "As a sovereign, the United States is immune from suit unless it consents to be sued." White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010) (citations omitted). The FTCA provides a limited waiver of the United States' sovereign immunity when a plaintiff claims that federal employees acting within the scope of their employment have engaged in tortious conduct. See 28 U.S.C.

---

[1] Our jurisdiction does not encompass the District Court's order denying Ellington's motion for relief from judgment under Fed. R. Civ. P. 60(b). Ellington did not file a notice of appeal or an amended notice of appeal challenging that denial order as required by Fed. R. App. P. 4(a)(4)(B)(ii).

3

§§ 1346(b)(1) & 2679(a). "Because the [FTCA] constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed." Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989). Under the FTCA, a plaintiff must present his administrative claim to the appropriate federal agency before filing a tort claim against the United States. See 28 U.S.C. § 2675(a). If a plaintiff fails to comply with the FTCA's administrative grievance procedure before filing suit, sovereign immunity is not waived, and subject-matter jurisdiction is therefore lacking. See, e.g., Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003).

Here, the United States attached a declaration to its motion to dismiss, stating that the VA had no record of Ellington having submitted an administrative grievance (Standard Form 95) or any other written claim for any injuries sustained at its facilities. See ECF No. 11-1. Ellington did not dispute his failure to submit Standard Form 95. See ECF No. 13 at p. 1. Because Ellington did not submit an administrative grievance prior to bringing suit, the District Court correctly dismissed the claims against the United States. And, because the District Court dismissed the claims over which it had original jurisdiction, it properly exercised its discretion in declining to exercise supplemental jurisdiction over the state-law claims against the non-federal defendants. See 28 U.S.C. § 1367(c)(3); Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995).

In his brief, Ellington asserts that removal was improper for three reasons: the defendants fabricated an amount-in-controversy of $95,000 to secure federal jurisdiction; the certification attached to the notice of removal was fraudulent; and removal was untimely. Ellington's first argument is misplaced, as removal was predicated under the

4

Westfall Act, not diversity of citizenship.  See 28 U.S.C. §§ 1331 & 1332(a).  His

remaining arguments also lack merit.  When a litigant commences an action in state court

that alleges tort claims against a federal employee, the Westfall Act empowers the

Attorney General (or United States Attorney) [2] to certify that the federal employee acted

within his scope of employment when the complained of conduct occurred.  See 28

U.S.C. § 2679(d)(1), (2); Osborn v. Haley, 549 U.S. 225, 231 (2007).  The certification

"conclusively establish[es] scope of office or employment for purposes of removal."  28

U.S.C. § 2679(d)(2).  Ellington's unsupported allegation that the scope-of-employment

certification was fraudulent does not establish that removal was improper.  As for

timeliness, the Westfall Act expressly provides that removal is proper "any time before

trial."  Ellington's case was removed before trial; the United States initiated removal

before the state court's hearing on Ellington's motion for default judgment.  Thus, we

reject Ellington's complaints lodged against the removal proceedings.

Finally, Ellington appears to assert that the District Court erred in denying his

August 28, 2020 motion to remand the suit to state court as to the federal defendants.  We

exercise plenary review over the District Court's denial of a motion to remand.  See

Werwinski v. Ford Motor Co., 286 F.3d 661, 665 (3d Cir. 2002).  In the motion to

remand, Ellington asserted that remand was required because removal was untimely, the

District Court lacked subject-matter jurisdiction over the action, and the federal

defendants had not acted within the scope of employment when the at-issue conduct

---

[2]  The Attorney General's certification can be delegated to the United States Attorney for the district where the civil action is brought under 28 C.F.R. § 15.4.

occurred. In denying the motion, the District Court correctly explained that removal was timely because removal was initiated before a trial took place, the District Court had jurisdiction to consider the action under the FTCA, and the Attorney General's scope-of-employment certification was conclusive for purposes of removal. The District Court thus properly denied Ellington's motion to remand the claims against the federal defendants.

Accordingly, we will affirm the District Court's judgment. We deny Ellington's motion for oral argument because argument is unnecessary to resolve this appeal. See 3d Cir. L.A.R. 34.1(a).