**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3300
_____

GORDON S. WALKER, SR.,
                                        Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the District of Delaware
(District Court No.:  1-11-cv-00866)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted under Third Circuit LAR 34.1(a)
On June 1, 2015

(Opinion filed: June 10, 2015)

Before:  RENDELL, HARDIMAN, and VANASKIE, Circuit Judges

_____

O P I N I O N*

_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**RENDELL**, Circuit Judge:

The District Court dismissed this Federal Tort Claims Act ("FTCA") suit for lack of subject matter jurisdiction because Appellant Gordon Walker failed to exhaust his administrative remedies. We will affirm.

## I. Background

Walker suffered injuries in an automobile accident on September 28, 2009, when Donna Phelps, a United States Postal Service ("USPS") employee, rear-ended him. Phelps' insurance carrier denied coverage for Walker's claim because it concluded that Phelps had been working for the USPS when the accident occurred. On February 26, 2010, Walker sent the USPS a letter including a copy of the police report and the letter from Phelps' insurance carrier denying coverage, but he did not include in the letter a demand for money damages. The USPS replied on March 5, 2010, advising Walker to present a claim on a Standard Form 95 ("SF95") within two years of the incident, and included a copy of the SF95 and instructions that the SF95 "must be filled out completely . . . before this paperwork will constitute a valid claim." (App. 53.) Over one year later, Walker sent the USPS a letter and an SF95 describing the incident and demanding $125,000 for his injuries. The USPS received these documents on April 26, 2011. Walker had left certain boxes on the SF95 blank and submitted further information to complete the form on May 13, 2011. The USPS considered April 26, 2011 to be the date on which it received Walker's claim, as it sent Walker a letter on May 19, 2011 informing him that "[w]e are currently in the process of reviewing this claim . . . . be

2

aware that by Statute, the Postal Service has six months from April 26, 2011 in which to adjudicate your claim." (App. 66.)

Less than six months later, on September 26, 2011, Walker filed this lawsuit against the United States under the FTCA. The USPS denied his administrative claim on October 20, 2011. The United States filed a motion to dismiss this lawsuit for lack of subject matter jurisdiction because Walker filed suit without allowing the USPS six months to adjudicate his claim. Magistrate Judge Christopher J. Burke issued a Report and Recommendation recommending that the motion to dismiss be granted. Walker filed objections to the Report and Recommendation, but the District Court adopted it. Walker now appeals the dismissal of his suit.

## II. Analysis[1]

"The FTCA operates as a limited waiver of the United States's sovereign immunity," *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010), and its procedures must be "strictly construed," *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). It mandates that "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a). Final denial occurs either when the agency denies a claim in

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review a district court's decision granting a motion to dismiss under a plenary standard." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009).

writing or when it fails to issue a decision within six months: "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial . . . ." *Id.*

Since it is clear that Walker filed suit before the USPS issued a final decision, the only issue is whether he allowed six months to pass after filing his administrative claim before filing suit. If his administrative claim was filed on April 26, 2011, then he did not wait six months and, thus, did not exhaust his administrative remedies. Walker argues that February 26, 2010 should be considered the date on which he filed his administrative claim. This argument lacks merit because his February 26, 2010 letter did not include a monetary demand, which is a necessary element of presenting a claim. *See White-Squire*, 592 F.3d at 460 (holding that "the administrative presentment requirement" includes "a demand for a sum certain"); 28 C.F.R. § 14.2(a) ("[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain . . . ."). Walker therefore presented his claim on April 26, 2011, when he first gave the USPS a demand for a sum certain. Less than six months passed between April 26, 2011, the date of his administrative claim, and September 26, 2011, the date he filed suit. Walker filed suit before he exhausted his administrative remedies, and the District Court properly dismissed this suit for lack of subject matter jurisdiction under the FTCA.

Walker also urges that, even if April 26, 2011 is the date that he presented his claim, he should be entitled to equitable tolling. This argument lacks merit. First,

4

equitable tolling is a doctrine that traditionally applies when a plaintiff files his claim too late, not too early. *See Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) ("Equitable tolling, if available, can rescue a claim otherwise barred as untimely by a statute of limitations . . . ."). Walker cites no support for his argument that equitable tolling can excuse his failure to exhaust administrative remedies. Moreover, even if equitable tolling were permissible when a claimant fails to exhaust administrative remedies, it would not apply here. Equitable tolling is applicable "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Id.* at 197 (quoting *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005)). Walker has not adduced any evidence to support any of these grounds for invoking equitable tolling.

### III. Conclusion

Accordingly, we will affirm.

5