NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1537
_____

CHRISTINA KNAPP; DOUGLASS KNAPP,
                                                    Appellants

v.

UNITED STATES OF AMERICA, DEPARTMENT OF HEALTH AND HUMAN
SERVICES
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3-18-cv-01422)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted under Third Circuit L.A.R. 34.1(a)
November 9, 2020

BEFORE: HARDIMAN, GREENBERG, and SCIRICA, Circuit Judges.

(Filed: November 10, 2020)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

GREENBERG, <u>Circuit</u> <u>Judge</u>.

## I.     INTRODUCTION

This matter comes on before this Court on the appeal of Plaintiff-Appellants

Christina Knapp ("Ms. Knapp") and her husband, Douglas Knapp.  Appellants appeal

from the District Court's February 28, 2020 order, granting summary judgment to the

United States (hereinafter, the "Government") as it concluded that Appellants' claim was

time-barred.[1]  We will affirm substantially for the reasons the District Court set forth in

its opinion granting summary judgment but nevertheless make some comments of our

own.


## II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY

This appeal arises from allegations of medical malpractice that Appellants raised

arising from Ms. Knapp's care and treatment at the Pike County, Pennsylvania, Family

Health Center (the "Pike County Health Center") in Hawley, Pennsylvania, by its

employee, Eileen Arenson, C.R.N.P.  We see no need to set forth the far-reaching

consequences of the allegedly negligent treatment but we recite the significant facts of

the case germane to this opinion which essentially are procedural and are not in dispute.

Appellants state that Ms. Knapp first became aware of the circumstances that led to this

action on July 15, 2015, a date that the Government does not challenge.

---

[1] We refer to the Knapp claims in the singular as a claim.

On May 26, 2017, Appellants initiated an action against the Pike County Health Center and Ms. Arenson separate from this action in the Court of Common Pleas of Pike County that is still pending. On June 23, 2017, the Pike County Health Center advised Appellants that it was a recipient of federal funding and therefore any tort claim against it was required to be made pursuant to the Federal Tort Claims Act ("FTCA").[2] On June 28, 2017, because they had become aware of the federal aspects of this case, Appellants faxed and hand delivered an SF-95 administrative tort claim form (hereinafter referred to as an "SF-95") to the Pike County Health Center. Ms. Arenson came into possession of the SF-95 by July 18, 2017, and on July 19, 2017, she forwarded the SF-95 to an employee at the Wayne Memorial Community Health Center ("WMCHC"), which is the operator of the Pike County Health Center. On the same day the WMCHC emailed the SF-95 to the United States Department of Health and Human Services ("HHS"). Thus, HHS received the SF-95 on July 19, 2017.

On July 17, 2018, Appellants commenced this action in the Middle District of Pennsylvania naming HHS as Defendant. Appellants explain that they initiated the action because six months had passed since the SF-95 had been sent to the Pike County Health Center and HHS had neither accepted nor rejected their claim. (See Appellants'

_____

[2] The Federally Supported Health Centers Assistance Act ("FSHCAA") provides that employees of certain qualifying grant recipients should be "deemed to be an employee of the Public Health Service" for purposes of the Public Health Services Act, which protects Public Health Service employees from personal liability resulting from performing their official duties. See 42 U.S.C. § 233(a)-(g). Further, the FSHCAA provides that an FTCA claim is the exclusive remedy for a medical negligence claim against the United States. See 42 U.S.C. § 233(g)(1)(A).

Opening Br. 5.) The six-month period is significant because a claimant may treat the passing of six months after he or she files a claim under the FTCA without the agency disposing of the claim as a rejection of the claim. The Government responded to the action by filing a motion to dismiss or, in the alternative, for summary judgment, arguing Appellants' claim was time-barred. Appellants sought an opportunity for discovery, but the District Court would not allow that as it believed it would not lead to the discovery of facts to save this case. The District Court granted the Government's motion for summary judgment on February 28, 2020, and this appeal followed.

## III.    ANALYSIS

We review de novo a district court's grant of summary judgment, Cranbury Brick Yard, LLC v. United States, 943 F.3d 701, 708 (3d Cir. 2019), but we review a district court's decision to deny a litigant the opportunity to take discovery for abuse of discretion. ZF Meritor, LLC v. Eaton Corp., 696 F.3d 254, 268 (3d Cir. 2012).

"As a sovereign, the United States is immune from suit unless it consents to be sued." White-Squire v. U. S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010) (citing United States v. Mitchell, 445 U.S. 535, 538, 100 S. Ct. 1349 (1980)). That consent "must be unequivocally expressed, and the terms of such consent define the court's subject matter jurisdiction." Id. (internal quotation marks omitted) (citing Mitchell, 445 U.S. at 538). The FTCA includes a limited waiver of sovereign immunity, which provides, in part, the following:

4

> An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his [or her] claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . . .

28 U.S.C. § 2675(a); see also White-Squire, 592 F.3d at 457.

The applicable statute of limitations, 28 U.S.C. § 2401(b), provides that a claimant must present his or her tort claim against the United States "in writing to the appropriate Federal agency within two years after [the] claim accrues" or it "shall be forever barred[.]" The tort claim accrues "when a plaintiff knows of both the existence and the cause of [the] injury." Miller v. Phila. Geriatric Ctr., 463 F.3d 266, 271 (3d Cir. 2006). Claimants, therefore, are required to exhaust their administrative remedies before they can initiate a suit in federal court, and "the requirement that the appropriate [F]ederal agency act on a claim before suit can be brought is jurisdictional and cannot be waived." Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003) (citation omitted); see also McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980 (1993).

Applying these principles, Appellants' claim accrued on July 15, 2015, and, therefore, they were required to present the SF-95 to HHS—the appropriate Federal agency—by July 17, 2017.[3] HHS did not receive Appellants' SF-95 until July 19, 2017,

---

[3] July 15, 2017 fell on a Saturday.

5

a date beyond the two-year time limit for presentation of the claim. Consequently, in the absence of overriding law, Appellants' claim would be time-barred.

Appellants argue that their claim can be saved under the Westfall Act, which allows claimants who initially file their FTCA claims in the wrong forum and are time-barred to save their claims so long as they meet certain requirements. See 28 U.S.C. § 2679(d)(5). (See Appellants' Opening Br. 10-17.) The Westfall Act's savings clause "saves from being barred by the statute of limitations certain timely claims filed in the wrong forum, such as in a state or a federal court rather than with the appropriate administrative agency." Santos v. United States, 559 F.3d. 189, 193 (3d Cir. 2009). Therefore, the "plaintiff whose suit is removed to a district court, and then dismissed because [he or] she failed to bring the timely required administrative claim, will be credited with the date that [he or] she filed [the] claim in the wrong forum for purposes of the FTCA's statute of limitations." Id. at 193-94.

For the savings clause to apply on the basis that it was timely filed but in a state court, as here, plaintiffs must have: (1) filed their state court action within two years of the alleged injury; (2) presented their FTCA claim to the correct federal agency within 60 days of the removal and dismissal of the wrongly filed state court action; and (3) if denied by the agency, appealed to a federal district court within six months. See 28 U.S.C. §§ 2401(b), 2679(d). Here, the District Court correctly found Appellants failed to

6

satisfy the second element of this test.[4]  In fact, as the District Court noted, Appellants never presented their claim to any Federal agency; rather, they faxed and hand delivered the SF-95 to the Pike County Health Center.  (See Feb. 28, 2020 Op. at 12-13.)  Moreover, the parties recognize that the original state court action has not been dismissed and is still pending.  (See Appellants' Opening Br. 5; Gov't Opening Br. 17.)

Although not critical to its outcome, the District Court appropriately noted that Appellants "acknowledge that they were on notice that their action fell under the FTCA prior to the deadline to present their SF-95 to HHS."  (Id. at 13; see also id. ("It was incumbent on counsel for [Appellants] to determine the procedural machinations under the FTCA and how to properly present [Appellants'] SF-95 to the [correct] federal agency within the deadline.").)  Even with that knowledge, Appellants failed to present their claim to the appropriate federal agency, HHS, and their arguments that the Westfall Act saves their claim lacks merit.  Accordingly, we will affirm the Court's February 28, 2020 order granting the Government's Motion for Summary Judgment.[5]

---

[4] The District Court seemed to question whether the Westfall Act could apply to a health care center in the circumstances in this case.  But we do not address that issue as Appellants failed to meet the savings clause's basic requirements.

[5] Appellants' argument that the District Court abused its discretion by denying discovery lacks merit as Appellants did not file an affidavit or declaration under Federal Rule of Civil Procedure 56(d), requesting specific discovery and explaining why it had not been obtained previously.   (See Appellants' Opening Br. 6; Appellee's Br. 18.)  See Shelton v. Blesdoe, 775 F.3d 554, 568 (3d Cir. 2015) (stating that summary judgment may be granted if the nonmoving party did not file an adequate affidavit or declaration under Federal Rule of Civil Procedure 56(d)); see also Bradley v. United States, 299 F.3d 197, 207 (3d Cir. 2002) (explaining that our circuit favors strict compliance with Federal Rule of Civil Procedure 56 and there is a "strong presumption" against finding constructive compliance, which we recognize in only the "most exceptional" circumstances).