PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3440
_____

STACI SCONIERS,

Appellant

v.

UNITED STATES OF AMERICA[1]
_____

APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. Action No. 2-17-cv-01835)
District Judge: Honorable William J. Martini

_____

---

[1] The Court notes that the original complaint included fictitious parties who have not participated in the case. Accordingly, the caption is hereby amended to reflect that the United States is the only defendant and appellee in this case.

Submitted Under Third Circuit L.A.R. 34.1(a)
June 18, 2018
_____

Before: GREENAWAY, JR., RESTREPO, and BIBAS,
*Circuit Judges*.

(Opinion Filed: July 24, 2018)
_____

OPINION
_____

Randall Bass
Freeman & Bass, P.C.
24 Commerce Street, Suite 726
Newark, NJ, 07102
            *Counsel for Appellant*

Craig Carpenito
Kruti D. Dharia
Office of United States Attorney
970 Broad Street
Newark, N.J., 07102
            *Counsel for Appellee*

GREENAWAY, JR., *Circuit Judge*.

Staci Sconiers asks us to reinstate her tort claim against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80 (2012), because she presented her claim to the United States Postal Service (USPS) within

2

two years, as required by 28 U.S.C. § 2401(b). We decline to do so because we hold that the FTCA additionally requires claimants to file their claims within six months of an agency's written denial, which Sconiers failed to do. We will affirm the District Court.[2]

## I. <u>FACTS</u>

This case arises from a car accident that occurred on January 6, 2016, in Newark, New Jersey, between a car driven by Sconiers and a vehicle owned by USPS. About two weeks after the accident, Sconiers submitted an administrative tort claim form to USPS seeking damages for injuries that she claimed she suffered in the accident.

Approximately seven months later, by letter dated July 14, 2016, and addressed to Sconiers's counsel, USPS denied her claim. The letter, citing the FTCA—i.e., 28 U.S.C. § 2401(b) and the relevant regulation—informed Sconiers that if she was "dissatisfied with the Postal Service's final denial," she "may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice

---

[2] In the judgment, the District Court ordered that all claims against the defendants be "dismissed with prejudice." App. 2 (emphasis omitted). This characterization of the Government's motion for summary judgment motion is incorrect "[b]ecause the grant of summary judgment and the dismissal of the complaint are inconsistent." *Cheminor Drugs, Ltd. v. Ethyl Corp.*, 168 F.3d 119, 121 n.2 (3d Cir. 1999). Therefore, "we will disregard reference to the 'dismissal' of [Sconiers's] complaint and treat the record as a summary judgment record." *Id*.

3

of that final action." App. 19. Sconiers, however, filed her complaint before the District Court *eight* months later—or two months after the limitations period that USPS alleges that the FTCA requires—and named as defendants, *inter alia*, USPS and Stephan D. Johnson, who was the driver of the USPS truck.

The United States moved before the District Court to be substituted in place of USPS and Johnson, as well as for summary judgment. It contended that Sconiers's failure to file her lawsuit within six months of the mailing of the denial of her administrative claim rendered her lawsuit untimely. Sconiers did not contest the substitution of the United States, but urged the District Court to equitably toll the statute of limitations.

The District Court found that Sconiers's complaint was filed beyond the FTCA's six-month statute of limitations and determined that she had not identified any extraordinary circumstance that justified equitable tolling of the deadline. Accordingly, it granted the Government's motions. This appeal followed.

## II. **DISCUSSION**[3]

"As a sovereign, the United States is immune from suit unless it consents to be sued." *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010). The FTCA is "a limited waiver of the sovereign immunity of the United States," *Miller v. Phila. Geriatric Ctr.*, 463 F.3d 266, 270 (3d Cir. 2006), that provides that:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but

---

[3] The District Court had jurisdiction under 28 U.S.C. § 1346(b)(1) and the federal-question statute, 28 U.S.C. § 1331. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. "Our review of the District Court's [summary judgment] decision is plenary, and we apply the same standard as the District Court to determine whether summary judgment was appropriate." *State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C.*, 566 F.3d 86, 89 (3d Cir. 2009). Thus, summary judgment is properly granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For the reasons below, we will affirm the judgment of the District Court.

shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 2674; *see also Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997) ("The Federal Torts [sic] Claims Act is a partial abrogation of the federal government's sovereign immunity that permits suits for torts against the United States.").

"To make a claim under the FTCA, a claimant first must file her claim with the administrative agency allegedly responsible for her injuries." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009). The statute provides:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). The FTCA also provides for a statute of limitations that a claimant seemingly must abide by in order to recover:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues *or* unless action is begun

6

within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

*Id*. § 2401(b) (emphasis added).

At issue in this case is whether the FTCA requires—as the Government argues—that a claimant file *both* a claim with the federal agency within two years of the tort *and* a suit within six months of the agency's denial, or—as Sconiers contends based on the provision's use of the word "or"—that a plaintiff satisfies the limitations period by meeting just one of the two conditions. In considering this matter, we note that "[b]ecause the Federal Tort Claims Act constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed." *White-Squire*, 592 F.3d at 456 (quoting *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989)).

We agree with the Government and hold that both conditions must be satisfied in order for a plaintiff to properly bring a claim under the FTCA. The Sixth Circuit has aptly explained why, and we adopt its reasoning today:

> Context provides considerable support for this reading. Claimants, remember, *must* present their claims to the relevant agency before bringing suit in federal court. *See* 28 U.S.C. § 2675(a). And if we construe the Act's time bar to mean that the claimant must fail to satisfy both deadlines, that would pull at least two threads out of a coherent reading of the provisions. For one, a claimant cannot receive a notice of denial—the

7

trigger for the six-month limitations rule—until she has filed an administrative claim. The statute thus plainly contemplates that one act (the administrative filing) will precede the other (court filing) and thus most naturally requires claimants to satisfy both deadlines.

For another, the alternative would effectively eliminate *any* court deadline. It would mean that (1) claimants could wait as long as they wished before presenting tort claims to agencies as long as they filed the claim within six months of any denial or (2) they could present their claims to agencies within two years of accrual and then wait as long as they wished to file suit in district court. But no one doubts that Congress meant to impose *some* time limitation on administrative and court filings, and, if we left the Act without a meaningful time limitation, we would be "tak[ing] it upon ourselves to extend the waiver [of sovereign immunity] beyond that which Congress intended." *United States v. Kubrick,* 444 U.S. 111, 117–18, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).

. . . [T]he fact that the statute uses the disjunctive does not by itself tell us anything. The question remains whether the statute sets forth alternative ways of barring a claim or alternative ways of preserving a claim. A statute that precludes an action if the claimant (disjunctively) fails to meet either of two requirements generally will come to the same end as a statute that requires the claimant (conjunctively) to fulfill both

8

requirements. In barring an action if the claimant fails to meet the agency-filing deadline (because it is not "presented in writing to the appropriate Federal agency within two years after such claim accrues") "or" if the claimant fails to meet the court-filing deadline (because it is not "begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented"), the statute bars claims that fail to meet either deadline.

*Ellison v. United States*, 531 F.3d 359, 361–63 (6th Cir. 2008).

Our holding today is consistent with our strict construction of the FTCA and with how we have described the FTCA's filing requirements in the past.[4] It also aligns this

---

[4] For example, in *Lightfoot v. United States*, we stated that:

The FTCA precludes suit against the United States unless the claimant has first presented the claim to the relevant Federal agency and the claim has been finally denied. . . . After the denial of an administrative claim, the claimant has two options: (1) he may file suit in the District Court within six months of the denial pursuant to 28 U.S.C. § 2401(b); or (2) he may file a request for reconsideration directly with the agency to which the claim was originally made.

Court's precedent with that of every other circuit to have considered this issue, each of which has held that both conditions must be satisfied. *See Sanchez v. United States*, 740 F.3d 47, 50 n.6 (1st Cir. 2014) ("We read this disjunctive language [of § 2401(b)] as setting out two deadlines, both (not just either) of which must be satisfied."); *Houston v. U.S. Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987) ("Though phrased in the disjunctive, this statute requires a claimant to file an administrative claim within two years *and* file suit within six months of its denial."); *Dyniewicz v. United States*, 742 F.2d 484, 485 (9th Cir. 1984) ("Under the Federal Tort Claims Act a claim must be filed with the appropriate federal agency within two years of its accrual and suit must be commenced within six months of the agency's denial of the claim.") (Kennedy, J.); *Willis v. United States*, 719 F.2d 608, 612-13 (2d Cir. 1983) (considering the legislative history and concluding that § 2401(b) requires that both deadlines must be met); *Schuler v. United States*, 628 F.2d 199, 201-02 (D.C. Cir. 1980) (en banc) (per curiam) (same).

Here, Sconiers does not dispute that she filed her complaint before the District Court eight months after USPS delivered her notice of denial to her counsel's office. Furthermore, on appeal, she does not argue that the statute of limitations should be tolled—accordingly, she has waived this argument.[5] *See, e.g.*, *United States v. Pelullo*, 399 F.3d 197,

---

564 F.3d 625, 626–27 (3d Cir. 2009) (citation and footnotes omitted).

---

[5] Sconiers argues for the first time on appeal that the FTCA's time limitations are unconstitutional and that barring

222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."). Because Sconiers did not bring this case within the six-month period required by § 2401(b), the District Court properly held that her lawsuit was untimely. *See Ellison*, 531 F.3d at 363 ("And because [the claimant] failed to meet the second deadline, that dooms the action.").

## III. **CONCLUSION**

For the aforementioned reasons, we will affirm the judgment of the District Court.

---

her from pursuing this lawsuit will deny her due process of law and equal protection. However, we find that this argument is waived because she did not raise it before the District Court. *See, e.g.*, *United States v. Dupree*, 617 F.3d 724, 727 (3d Cir. 2010) ("[A]rguments not raised in the district courts are waived on appeal.").