**ALD-031**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 20-1953 and 20-2638
_____

JOHN DOE,
                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-19-cv-01673)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 12, 2020

Before: MCKEE, GREENAWAY, JR., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 12, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant John Doe[1] appeals from the final judgment and post-judgment order entered by the United States District Court for the Middle District of Pennsylvania in his lawsuit under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 et seq. We will affirm.

The parties are familiar with the background, and so we provide only a summary. Doe is a federal inmate. In his complaint, he provided details concerning publicly available decisions in his case history. On November 12, 2015, Ryan Smith, a case manager at the United States Penitentiary (USP) Lewisburg, told other prisoners that Doe was a "rat" and a "rapist." (Compl. at 1.) The prisoners researched Doe using the electronic law library, and on November 16, 2015, they "began reading aloud [Doe's] case orders and opinions on the open range," leading to continuous taunts, threats, sexual harassment, and a November 17, 2015 attack by his cellmate. (Id.) A similar sequence of case downloading and harassment by Doe's fellow prisoners occurred in October 2016, continuing until Doe's prison transfer in 2017. When he arrived at USP McCreary, he was confronted by other transferees from USP Lewisburg, forcing him to physically defend himself on several occasions. In August 2018, Doe returned to USP Lewisburg, where he again was labeled as a "rat and rapist" and subjected to harassment. In September 2018, he was reassigned to another unit, where he encountered prisoners who were strangers to him yet who identified him as a "rat" and "sex offender" from his

---

[1] Because the District Court granted Appellant's motion for leave to proceed using the John Doe pseudonym, this Court likewise granted Appellant the same allowance.

downloaded case information. The cycle continued when new prisoners arrived in October 2018. Doe stated that he did not "have a reputation as a rat nor rapist nor was there reason for research [about his case] until Ryan Smith." (Complaint at 2.)

Doe filed his FTCA complaint in the District Court in September 2019. He asserted that he made unsuccessful attempts to have his case information sealed, and he contended that prison officials failed to address his security-related requests. Doe sought $100,000,000 in compensatory damages relief, as well as transfer to either state custody or assignment to a Federal Correctional Institution. He attached exhibits, including documentation of his psychology services visit in August 2018 relating to the threats and taunts. He also attached documentation of his pursuit of a prison administrative remedy in March 2019, alleging that prison officials have been ignoring the ongoing problems that started in November 2015.

The District Court granted Doe leave to proceed in forma pauperis under 28 U.S.C. § 1915 and directed service of the complaint upon the Government. The Government filed a motion for summary judgment and supporting materials, asserting that Doe failed to file his FTCA complaint within six months of the denial of his Administrative Tort Claims connected with his allegations regarding being labeled a "rat" and a "rapist." The Government also noted that Doe filed no other Administrative Tort Claims relating to the complaint allegations. On April 3, 2020, the District Court agreed that the complaint was untimely filed and granted the Government's summary judgment

motion.  Doe filed a timely notice of appeal from this order; which was docketed at C.A.
No. 20-1953.[2]

Doe also filed a motion for extension of time to respond to the Government's
summary judgment motion, which the District Court received only after it already had
granted the motion.  On May 5, 2020, the District Court denied Doe's motion as moot in
light of Doe's notice of appeal.  In July 2020, Doe filed in the District Court a motion for
relief under Rule 60(b).  On July 23, 2020, the District Court denied Rule 60(b) relief
based on a lack of jurisdiction.  Doe filed a timely notice of appeal concerning the denial
of his Rule 60(b) motion, which was docketed at C.A. No. 20-2638.

We consolidated Doe's two appeals for disposition.  We have jurisdiction pursuant
to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's order granting
the Government's summary judgment motion.  See Kaucher v. County of Bucks,
455 F.3d 418, 422 (3d Cir. 2006).  We review the denial of Rule 60(b) relief for an abuse
of discretion.  See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

The FTCA allows claims to be brought against the United States for torts
committed by federal employees, but certain statutory requirements apply.  First, a
claimant must file an administrative claim within two years of the tort; and second, the

---

[2] Doe's notice of appeal specifies only the order concerning the disposition of the
Government's summary judgment motion.  See Fed. R. App. P. 3(c)(1).  Doe does not
contest the District Court's January 21, 2020 denial of injunctive relief as unavailable
under the FTCA, or the April 3, 2020 denial of Doe's motion for default judgment.

FTCA lawsuit must be initiated within six months of the federal agency's denial of the administrative claim. See 28 U.S.C. § 2401(b). Both conditions must be met for the FTCA action to be viable. See Sconiers v. United States, 896 F.3d 595, 598 (3d Cir. 2018) (noting that the FTCA constitutes a waiver of sovereign immunity, and the statutory requirements are strictly construed).

In support of its motion for summary judgment, the Government produced evidence showing that the only Administrative Tort Claims filed by Doe concerning his allegations were both filed in 2015. In particular, by letters dated February 11, 2016 and May 23, 2016, the Federal Bureau of Prisons denied these claims and notified Doe of the six-month deadline to file a federal court action against the United States. Doe did not file his FTCA complaint until 2019, long after both of the six-month periods expired. We agree with the District Court's conclusion that summary judgment was appropriate here because Doe's complaint was filed beyond the § 2401(b) six-month periods. See Sconiers, 896 F.3d at 599-600. The District Court acknowledged the possibility of equitable tolling but found no justification in the record to apply it in Doe's case. (See District Court Apr. 3, 2020 Mem. at 8-9 (citing Santos ex rel. Beato v. United States, 559 F.3d 189, 194-97 (3d Cir. 2009)).) We agree that the record is devoid of any allegations that equitable tolling should apply here.

As for Doe's Rule 60(b) motion, the District Court correctly noted that it lacked jurisdiction to grant Rule 60(b) relief during the pendency of Doe's timely appeal. See

Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985) ("As a general rule, the timely filing of a notice of appeal divests the district court of jurisdiction over the case pending disposition of the appeal.").[3]  We discern no abuse of discretion here.

Because no substantial question is presented by this appeal, we will summarily affirm the District Court's decisions.  See Third Circuit L.A.R. 27.4 and I.O.P. 10.6.

---

[3] The District Court acknowledged the procedure to follow if had been inclined to grant Rule 60(b) relief, but it declined to do so.  See Fed. R. Civ. P. 62.1(a)(3) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may… state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue").  On the record currently before us, it does not appear that Doe would have been entitled to Rule 60(b) relief.  Doe contested the District Court's decision, characterizing it as a grant of summary judgment for failure to exhaust administrative remedies, asserting that "Lewisburg stonewall[s] prisoners from exhaustion."  (Br. in Supp. of Rule 60(b) Motion.)  Doe attached a copy of an Inmate Request to Staff, dated March 12, 2019, in which he asked whether his "personal injury tort claim for failure to protect inmates keep downloading my case information" was sent; the prison staff member responded, "That is no."  (Id.)  It is true that an FTCA plaintiff must exhaust all administrative remedies before suing in federal court, and exhaustion "is jurisdictional and cannot be waived."  See Shelton v. Bledsoe, 775 F.3d 554, 569 (3d Cir. 2015); 28 U.S.C. § 2675(a).  However, the District Court's April 3, 2020 summary judgment ruling is based on untimeliness—not failure to exhaust—concerning Doe's Administrative Tort Claims filed in 2015 and denied in 2016.  Doe's Rule 60(b) motion does not contain any allegations concerning the District Court's calculation of § 2401(b)'s six-month deadline.