DLD-013                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2475
_____

DAVID LASSEGUE,
Appellant
v.

UNITED STATES OF AMERICA; USP ALLENWOOD, BOP and Staff Members;
USP CANAAN, BOP and Staff Members; USP POLLOCK, BOP and Staff Members;
MR. FOX, Case Manager USP Pollock; MS. K. BIGART, Case Manager USP Canaan;
MR. SHANK, Mail Room Supervisor (in 2015);
MR. COBURN, Case Manager USP Pollock;
MR. BURKE, Case Manager USP Allenwood
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:21-cv-01466)
District Judge: Honorable Matthew W. Brann
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 20, 2022
Before: JORDAN, SHWARTZ, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed November 2, 2022)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

David Lassegue,[1] a federal prisoner proceeding pro se and in forma pauperis, appeals from the District Court's order granting the United States' motion for summary judgment and dismissing the remaining claim under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). We will summarily affirm.

## I.

In 2014, Lassegue was sentenced for federal offenses in the United States District Court for the District of Rhode Island. On October 7, 2014, the Bureau of Prisons (BOP) completed Lassegue's initial security classification, and he was transferred to the United States Penitentiary (USP)–Allenwood on November 13, 2014. He was subsequently transferred several times, including to USP–Canaan in 2015 and to USP–Pollock in 2016.

In March 2017, Lassegue submitted an administrative tort claim to the BOP's Northeast Regional Office, alleging that he was erroneously housed at USP–Allenwood—and, ultimately, assaulted by other inmates—because the BOP incorrectly classified him as a "high security inmate." The BOP denied the claim as untimely. Lassegue requested reconsideration of his claim, and, in November 2017, the BOP denied the claim because there was insufficient evidence to support the allegations.

In February 2018, Lassegue filed a complaint in the United States District Court for the District of New Hampshire ("District of New Hampshire") pursuant to the Federal

---

[1] Appellant's surname is spelled "Lasseque" in some record documents and "Lassegue" in others. We will use the spelling "Lassegue," as that spelling was used by the District Court and in Appellant's notice of appeal.

Tort Claims Act, 28 U.S.C. §§ 2671–80 (FTCA), alleging that the BOP negligently misclassified him as a "maximum security" inmate and refused or neglected to correct the error when the BOP was made aware of it, causing him to suffer an assault at the hands of other inmates. He also claimed that he was denied appropriate medical care after the assault. In response to the Government's motion to dismiss, Lassegue acknowledged that his suit was filed in the wrong court and moved to withdraw the complaint for a change in venue. By order entered November 20, 2019, the District of New Hampshire granted Lassegue's motion to voluntarily withdraw the complaint. See D.N.H. Civ. No. 1:18-cv-00109.

In August 2021, Lassegue filed a complaint in the United States District Court for the Middle District of Pennsylvania ("Middle District of Pennsylvania"), raising the same claims he raised in the District of New Hampshire. The United States filed a motion for summary judgment and to dismiss, arguing that Lassegue's FTCA allegations were barred by the statute of limitations and, to the extent that he raised a Bivens[2] claim, he failed to allege facts demonstrating the other defendants' personal involvement. The District Court granted summary judgment in favor of the United States on the FTCA claim, concluding that the claim was untimely, and it dismissed the Bivens claim against the other defendants as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and 28

---

[2] Bivens v. Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

3

U.S.C. § 1915A(b)(1), concluding that it, too, was time-barred. Lassegue now appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's grant of a motion for summary judgment de novo. See Dondero v. Lower Milford Twp., 5 F.4th 355, 358 (3d Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Additionally, we exercise plenary review over a District Court's sua sponte dismissal of a complaint under §§ 1915A and 1915(e). See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

The FTCA allows claims to be brought against the United States for torts committed by federal employees, but certain statutory requirements apply. First, a claimant must file an administrative claim within two years of the tort[3]; and second, the FTCA lawsuit must be initiated within six months of the federal agency's denial of the administrative claim. See 28 U.S.C. § 2401(b). Both conditions must be met for the FTCA action to be viable. See Sconiers v. United States, 896 F.3d 595, 598 (3d Cir.

---

[3] "Under federal law, a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon which its action is based." Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (cleaned up).

4

2018).

In support of its motion for summary judgment, the United States produced evidence showing that the BOP denied Lassegue's administrative tort claim by letter dated September 6, 2017, and it denied his request for reconsideration by letter dated November 1, 2017. Both letters notified Lassegue of the six-month deadline to file a federal court action against the United States. However, Lassegue did not file this suit until August 2021, almost four years after the BOP denied his request for reconsideration. As the District Court determined, this claim is untimely absent tolling, as it was not initiated within six months of the BOP's denial of his administrative claim.

Equitable tolling is available in situations "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting [his or] her rights; or (3) where the plaintiff has timely asserted [his or] her rights mistakenly in the wrong forum." D.J.S.-W. ex rel. Stewart v. United States, 962 F.3d 745, 750 (3d Cir. 2020) (cleaned up).

The second and third tolling situations are at issue here. Considering the third tolling situation first, Lassegue timely asserted his rights mistakenly in the wrong forum. In February 2018, about three months into the six-month limitations period, Lassegue filed his complaint in the District of New Hampshire. In November 2019, the District of New Hampshire granted Lassegue's motion to voluntarily withdraw the complaint, agreeing that it had been filed in the wrong venue. However, tolling the limitations

period while Lassegue's case was pending in the District of New Hampshire does not render his claim timely, as he did not refile the claim in the correct venue until August 2021—about 21 months later.

Considering the second tolling situation, Lassegue asserted that he encountered extraordinary circumstances that prevented his timely filing. Specifically, he claimed that he was entitled to additional equitable tolling for the time he spent in state custody pursuant to the Interstate Agreement on Detainers (IAD) from October 25, 2019, until April 15, 2021, and for the time he spent without access to a law library upon returning to federal custody, from April 15, 2021, until around August 2021.

To be entitled to equitable tolling, Lassegue had to establish not only that some extraordinary circumstance prevented timely filing, but also that he had been pursuing his rights diligently. See D.J.S.-W., 962 F.3d at 752. The District Court properly determined that he failed to establish either requirement. First, Lassegue failed to establish that he diligently pursued his rights. He prepared and filed a complaint raising these same claims in January 2018 and, when the complaint was voluntarily withdrawn in November 2019, he failed to refile it in the correct venue until August 2021. Even if he had inadequate access to legal resources from October 2019 until August 2021, as he claims, it is unclear why he could not have continued to pursue his claims in the proper venue, considering that he had already prepared a complaint raising the same claims and, at a

6

minimum, could have filed the same complaint as a placeholder until he had access to additional resources.[4]

For the same reasons, Lassegue did not establish that an extraordinary circumstance stood in his way and prevented timely filing. See D.J.S.-W., 962 F.3d at 751 (stating that the diligence prong and the extraordinary circumstances prong "often go hand in hand," and explaining, "if no extraordinary circumstances stood in the litigant's way, but she nevertheless failed to timely file, it is likely that she did not diligently investigate and pursue her claim").[5] Because there was no genuine dispute that Lassegue was not entitled to equitable tolling and his complaint was untimely, the District Court properly granted summary judgment in favor of the United States.

IV.

---

[4] The District Court correctly noted that Lassegue was apparently able to access the mail when he was in state custody, as he filed a notice of change of address with the District of New Hampshire on November 11, 2019, explaining that he had been transferred and requesting that his correspondence be forwarded to his new address in Rhode Island. Moreover, in October 2020, Lassegue wrote a letter requesting copies of the documents he filed in the District of New Hampshire, and that court granted the request by order entered November 4, 2020. Despite obtaining copies of his earlier-filed documents, Lassegue did not file his complaint in the correct venue until over nine months later.

[5] To the extent that Lassegue contended that the District of New Hampshire did not inform him of his limitations period, this argument lacks merit. As the District Court explained, Lassegue timely filed his first FTCA claim in the District of New Hampshire, so there was no reason for that court to perform any analysis of the applicable limitations period. And, as a general rule, a District Judge need not provide legal advice to pro se litigants. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013). Moreover, Lassegue was advised of the applicable limitations period when the BOP denied his administrative tort claim.

The District Court also construed Lassegue's complaint as raising a <u>Bivens</u> claim that BOP employees neglected his need for medical assistance after he was assaulted. As the District Court concluded, this claim was facially untimely.

Although the statute of limitations is an affirmative defense, <u>see</u> Fed. R. Civ. P. 8(c), a court may dismiss claims sua sponte if a time-bar is obvious from the face of the complaint and no further development of the record is necessary. <u>See</u> <u>Fogle v. Pierson</u>, 435 F.3d 1252, 1258 (10th Cir. 2006); <u>see also</u> <u>Jones v. Bock</u>, 549 U.S. 199, 215 (2007); <u>Vasquez Arroyo v. Starks</u>, 589 F.3d 1091, 1097 (10th Cir. 2009). Claims under <u>Bivens</u> are governed by a state's statute of limitations for personal injury claims. <u>See</u> <u>Napier v. Thirty or More Unidentified Fed. Agents, Emps., or Officers</u>, 855 F.2d 1080, 1087–88 n.3 (3d Cir. 1988). Pennsylvania's relevant limitations period is two years. <u>See</u> 42 Pa. Cons. Stat. § 5524.

Lassegue's claim of inadequate medical care accrued shortly after he was assaulted in June 2015, when the BOP allegedly failed to provide adequate treatment for his injuries. <u>See</u> <u>Kach</u>, 589 F.3d at 634 (explaining that a claim generally accrues "at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury"); <u>Wallace v. Kato</u>, 549 U.S. 384, 391 (2007) (explaining that a claim accrues when the wrongful act or omission results in damages, even if the full extent of the injury is not then known or predictable). Lassegue claimed that he was assaulted and left with inadequate medical care in 2015, but he did not file his complaint until August

8

2021, several years after the two-year statute of limitations expired.[6]  And it is clear that there is no basis for equitable tolling.  Lassegue's <u>Bivens</u> claim was plainly time-barred, and the District Court properly dismissed it.

V.

Because no substantial question is presented by this appeal, we will summarily affirm the District Court's judgment.  <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[6] While it is not clear when, exactly, Lassegue attempted to secure additional care, there is no question that he was aware of the issue by 2017, when he filed his administrative tort claim and complained about his injuries.  Accordingly, even if the claim accrued as late as 2017, it is time-barred.