**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 24-3179

———————————

ELVIS SMITH, SR.,
Appellant

v.

UNITED STATES OF AMERICA FOR THE UNITED MARSHAL SERVICE;
THOMAS K. MARRA, in his official and individual capacities; ESTATE OF
BENJAMIN WOMBACHER; V.I. PORT AUTHORITY; GOVERNMENT OF THE
VIRGIN ISLANDS

———————————

On Appeal from the District Court
of the Virgin Islands
(D.C. No. 3:23-cv-00056)
District Judge: Hon. Timothy J. Savage

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 8, 2025

Before: HARDIMAN, BIBAS, and PORTER, *Circuit Judges*

(Filed: December 9, 2025)

———————————

OPINION*

———————————

———————————

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Deadlines do not care about the strength of the lawsuit. So lawyers must be prompt. Unfortunately, Elvis Smith's lawyer was not.

Smith is a ferry captain in the U.S. Virgin Islands. In August 2019, two Deputy U.S. Marshals tried to board his ferry. Because they were shouting racial slurs and one seemed to be under the influence of drugs, Smith refused to let them board. In response, one tried to choke Smith, and the other pulled a gun and pointed it at Smith's chest. One of the deputies was put into disciplinary proceedings, and Smith testified about the incident in June 2021. The other deputy died before he could be disciplined.

In September 2021, Smith finally brought an administrative tort claim, but the Marshals Service dismissed it in February 2022 as filed too late. And not until December 2022 did he file this tort lawsuit against the Marshals Service, the Virgin Islands, the Virgin Islands Port Authority, the surviving deputy, and the deceased deputy's estate. The District Court held that all of Smith's claims were untimely and could not be saved by equitable tolling, so it granted the defendants summary judgment. In his briefing, Smith addresses only the appeal of the summary judgment for the United States, not the other defendants. We review de novo. *Tundo v. Cnty. of Passaic*, 923 F.3d 283, 286–87 (3d Cir. 2019).

The Federal Tort Claims Act imposes two time limits. Claimants against the U.S. government must file an administrative claim in writing within two years of the wrong *and then* file suit within six months of when the agency denies that claim. *Sconiers v. United States*, 896 F.3d 595, 598–99 (3d Cir. 2018) (parsing 28 U.S.C. § 2401(b)). As Smith concedes, he did neither. Rather, he says the District Court should have equitably tolled both

2

deadlines because his lawyer and the government supposedly agreed to extend them in exchange for Smith's testifying against the marshal—only for the government to now deny that there was such an agreement.

But there is no basis for tolling here. True, equitable tolling is available when a defendant "actively misleads a plaintiff [about] [his] cause of action." *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000). But Smith offers no specific evidence that the government entered a tolling agreement that it later reneged on. In an affidavit, the government's lawyer swore that he had never offered to waive the Act's filing deadlines in exchange for Smith's testimony. And emails between that lawyer and Smith's lawyer never refer to any such agreement.

Smith and his lawyer submitted affidavits to the contrary. But Smith's unsworn affidavit is vague about who said what when or whether Smith even has personal knowledge of the alleged agreement, as opposed to hearsay from his lawyer. And his lawyer's affidavit claims "[t]he agreement was memorialized in a letter dated September 11, 2021, [that he] sent to the" government lawyer. JA 130. But that letter, written more than three months after the alleged agreement was made, never mentions tolling. It says only that Smith's "delay in filing this claim is based on … Smith's agreement [to] testify on June 10[,] 2021 and the assurance that there would be no administrative or legal impediments to [his] [p]ursuing a claim against the agency." JA 31. And indeed, there would not have been. If Smith had filed his administrative claim in the two months after he testified, it would have been timely.

3

There is simply no evidence to support a tolling agreement. Nor did any government official have an established duty to tell Smith what he needed to do to file a claim and when. *Cf. Glarner v. U.S. Dep't of Veterans Admin.*, 30 F.3d 697, 701–02 (6th Cir. 1994) (tolling deadline because official had violated the VA's duty specified in regulations). Plus, Smith has nothing to say about why he delayed bringing this action once he got notice that the government had denied his administrative claim as untimely. And Smith never asserted any reason to toll the limitations periods on his claims against the Virgin Islands and Virgin Islands Port Authority. So the District Court properly denied equitable tolling on the claims against the United States, barred all Smith's claims as untimely, and granted summary judgment for defendants.

Timeliness doctrines bar even potentially strong claims like Smith's. We will affirm the District Court's summary judgments for the United States, the Virgin Islands, and the Virgin Islands Port Authority.